[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15874

_____

D.C. Docket No. 1:13-cr-20334-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH PETER CLARKE,
BOBBY JENKINS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(March 17, 2015)

Before MARTIN and DUBINA, Circuit Judges, and RODGERS,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Margaret C. Rodgers, Chief United States District Judge for the Northern District of Florida, sitting by designation.

Joseph Peter Clarke and Bobby Jenkins appeal their convictions for conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); conspiracy to possess with intent to distribute five or more kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), 846; possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); and using and carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, specifically, the Hobbs Act robbery, id. § 924(c)(1)(A).  Both Jenkins and Clarke raise a number of challenges on appeal.  We address all but one in a separate opinion.  Here we address only whether Jenkins's prior guilty plea to possession of cocaine in Florida, where adjudication was withheld, qualifies as a "conviction" under Florida law.  Because this question raises an important issue of state law, for which there is no on-point ruling from the Florida Supreme Court, we certify the question to that Court before deciding this case.

In Count 3 of the indictment, Jenkins was charged with violating § 922(g), which makes it a felony for a convicted felon to possess a firearm.  According to the government, Jenkins was a convicted felon because he previously pleaded guilty to possession of cocaine in Florida.  However, although there was a finding of guilt, adjudication was withheld.  Jenkins argues that because this adjudication was withheld, his possession-of-cocaine charge should not qualify as a "conviction" under § 922(g).

2

Whether a conviction qualifies for purposes of § 922(g) "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).  Thus, the question before us is whether Florida treats a guilty plea with adjudication withheld as a "conviction" for purposes of Florida's felon-in-possession statute.  See United States v. Chubbuck, 252 F.3d 1300, 1304 (11th Cir. 2001) ("[T]he . . . appropriate source of applicable Florida law [for evaluating the term 'conviction' in § 922(g)] would be that surrounding Florida's own unlawful possession of firearms by a felon statute, Fla. Stat. Ann. § 790.23.").

The Florida Supreme Court has not squarely addressed this issue.  However, in State v. McFadden, 772 So. 2d 1209 (Fla. 2000), it adopted "a definition of 'conviction' that requires an adjudication of guilt or judgment of conviction by the trial court" in the context of impeaching a witness.  Id. at 1216.  The Court went on to note that "where the trial court withholds adjudication of guilt as authorized by statute," a prior crime is not a "conviction."  Id.  In so holding, the McFadden Court relied upon its opinion in State v. Snyder, 673 So. 2d 9 (Fla. 1996), which noted that Florida's felon-in-possession law "applies 'following an adjudication of guilt in the trial court.'"  Id. at 1215 n.5 (quoting Snyder, 673 So. 2d at 10).  We are also aware that two Florida District Courts of Appeal have held that a withheld adjudication does not count as a conviction for Florida's felon-in-possession statute.  In Castillo v. State, 590 So. 2d 458 (Fla. 3d DCA 1991) (per curiam), the

3

Third District Court of Appeals concluded that "[f]or purposes of [Florida's felon-in-possession statute], we construe 'conviction' to mean an adjudication of guilt. Where adjudication has been withheld, the offender is not a convicted felon." Id. at 461 (citations omitted).  Similarly, in State v. Menuto, 912 So. 2d 603 (Fla. 2d DCA 2005), the Second District Court of Appeals noted that "[f]or the purpose of [Florida's felon-in-possession statute], 'conviction' means 'adjudication of guilt'—a mere withhold[ing] of adjudication of guilt of the prior offense will not suffice." Id. at 605–06.

Ordinarily, this suggestion from the Florida Supreme Court that a withheld adjudication is insufficient, along with on-point Florida District Courts of Appeal rulings that confirm the suggestion, would be enough for us to find that Jenkins's prior crime was not a conviction under § 922(g).  Indeed, we have previously said that "[i]n matters of state law, federal courts are bound by the rulings of the state's highest court.  If the state's highest court has not ruled on the issue, a federal court must look to the intermediate state appellate courts." Veale v. Citibank, F.S.B., 85 F.3d 577, 580 (11th Cir. 1996) (citation omitted).  But the difficulty for us in this case is that this Circuit has held the opposite in at least two earlier cases.  In United States v. Orellanes, 809 F.2d 1526 (11th Cir. 1987), we said that "one who pleads guilty in a Florida state court and has imposition of sentence withheld, may nevertheless be held to have been 'convicted' for purposes of applying federal

4

criminal statutes which punish certain conduct following conviction of a felony."

Id. at 1527. We affirmed that holding in United States v. Grinkiewicz, 873 F.2d

253 (11th Cir. 1989) (per curiam).

Thus, we find ourselves facing conflicting commands. On the one hand,

our prior-precedent rule demands that we follow our prior decisions on this matter.

See Chubbuck, 252 F.3d at 1305 n.7 ("We are not at liberty to disregard binding

case law that is so closely on point that has been only weakened, rather than

directly overruled, by the [Florida] Supreme Court." (alteration adopted) (quoting

Fla. League of Prof'l Lobbyists v. Meggs, 87 F.3d 457, 462 (11th Cir. 1996))). On

the other hand, although the Florida Supreme Court has not directly addressed the

point, indications from that Court suggest that our holdings in Orellanes and

Grinkiewicz are no longer in keeping with Florida law. At least two lower

appellate courts in Florida confirm this interpretation. We have noted in a case

addressing this same issue: "It has become increasingly clear that perhaps our

interpretation of Florida law was either in error or has since changed." Chubbuck,

252 F.3d at 1305.

In order to resolve this, we certify the following question to the Florida

Supreme Court:

> Florida law prohibits a person from "own[ing] or . . . hav[ing] in his
> or her care, custody, possession, or control any firearm . . . if that
> person has been . . . [c]onvicted of a felony in the courts of [Florida]."
> Fla. Stat. § 790.23(1). For purposes of that statute, does a guilty plea

5

for a felony for which adjudication was withheld qualify as a "convict[ion]"?

As in all cases in which we certify a question to a state court, we do not mean, by our presentation of the issue, our phrasing of the question, or otherwise, to restrict the Florida Supreme Court's analysis of this or any other issue it chooses to address.  See City of Marietta v. CSX Transp., Inc., 196 F.3d 1300, 1309 (11th Cir. 1999).  Our phrasing is intended only as a guide.  See Edmonds v. Bronner, 864 F.2d 752, 753–54 (11th Cir. 1989).  We will retain jurisdiction over these appeals while the Florida Supreme Court considers the certified question.  See Butler v. Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1266 (11th Cir. 2001).  And while we hope it will answer our question, it of course has no obligation to do so.  That said, "we would greatly prefer to hear from the state's highest court on this unsettled and important area of state law."  Id.

**QUESTION CERTIFIED.**