[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15874

_____

D.C. Docket No. 1:13-cr-20334-CMA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH PETER CLARKE,
BOBBY JENKINS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 11, 2016)

Before MARTIN and DUBINA, Circuit Judges, and RODGERS,[*] District Judge.

PER CURIAM:

---

[*] Honorable Margaret C. Rodgers, Chief United States District Judge for the Northern District of Florida, sitting by designation.

Whether a conviction qualifies under 18 U.S.C. § 922(g)(1), the federal felon-in-possession statute, is "determined in accordance with the law of the jurisdiction in which the proceedings were held."  18 U.S.C. § 921(a)(20). Florida's felon-in-possession statute prohibits a person from "own[ing] or [ ] hav[ing] in his or her care, custody, possession, or control any firearm . . . if that person has been . . . [c]onvicted of a felony in the courts of [Florida]."  Fla. Stat. § 790.23(1).

A year ago, we certified a question to the Florida Supreme Court asking whether that State treats a guilty plea for a felony with adjudication withheld as a "conviction" for purposes of § 790.23(1)(a).  United States v. Clarke, 780 F.3d 1131 (11th Cir. 2015) (per curiam) (Clarke I).  We revisit this appeal with the benefit of that court's clear response: "[F]or purposes of section 790.23(1)(a), a guilty plea for a felony for which adjudication was withheld does not qualify as a 'conviction.'"  Clarke v. United States, 184 So. 3d 1107, 1108 (Fla. 2016) (Clarke II).  Based on this clear response, we vacate defendant Bobby Jenkins's conviction under § 922(g)(1) for being a felon in possession of a firearm and remand for resentencing.

## I.

Joseph Peter Clarke and Bobby Jenkins appeal their convictions for conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); conspiracy to

2

possess with intent to distribute five or more kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), 846; possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); and using and carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, specifically, the Hobbs Act robbery, id. § 924(c)(1)(A).  Both Jenkins and Clarke raise a number of challenges on appeal.  We address all but this one in a separate opinion.

Here we address only Jenkins's § 922(g)(1) conviction for being a felon in possession of a firearm.  According to the government, Jenkins was a convicted felon because earlier in his life he pleaded guilty to possession of cocaine in Florida.  Although Jenkins was found guilty of cocaine possession, the adjudication of that offense was withheld.  Jenkins argues that because this adjudication was withheld, his possession-of-cocaine charge does not qualify as a "conviction" under Florida law.

We have held that the "appropriate source of applicable Florida law [for evaluating the term 'conviction' in § 922(g)(1)] would be that surrounding Florida's own unlawful possession of firearms by a felon statute, Fla. Stat. Ann. § 790.23." United States v. Chubbuck, 252 F.3d 1300, 1304 (11th Cir. 2001).  In Clarke II, the Florida Supreme Court answered our question about whether a guilty plea with adjudication withheld is a "conviction" under the State's felon-in-

3

possession statute "in the negative." 184 So. 3d at 1108.

In arriving at this conclusion, the Florida Supreme Court reasoned that when a defendant "such as Jenkins . . . has his or her adjudication withheld, it is because the trial court has found that the defendant is not likely to engage in further criminal conduct and that justice and the welfare of society do not require that the defendant suffer the penalty imposed by law." Id. at 1114–15. Now that the Florida Supreme Court has made clear that Jenkins's guilty plea with adjudication withheld is not a "conviction" for purposes of § 790.23(1)(a), his § 922(g)(1) conviction cannot stand.

## II.

The Eleventh Circuit has contrary precedent on this issue. In United States v. Orellanes, 809 F.2d 1526 (11th Cir. 1987), we said that "one who pleads guilty in a Florida state court and has imposition of sentence withheld, may nevertheless be held to have been 'convicted' for purposes of applying federal criminal statutes which punish certain conduct following conviction of a felony." Id. at 1527. We affirmed that holding in United States v. Grinkiewicz, 873 F.2d 253 (11th Cir. 1989) (per curiam). However, in Chubbuck we recognized that "[i]t has become increasingly clear that perhaps our interpretation of Florida law was either in error or has since changed." 252 F.3d at 1305.

4

Generally, we are bound by prior decisions of this Court unless the Eleventh Circuit sitting en banc overrules the prior decision.  See Hattaway v. McMillian, 903 F.2d 1440, 1445 n.5 (11th Cir. 1990).  However, if "the United States Supreme Court or the Florida courts cast doubt on our interpretation of state law, a panel [is] free to reinterpret state law in light of the new precedents."  Id.  Florida's highest court has plainly told us that our interpretation of Florida law in Orellanes and Grinkiewicz was wrong.  Therefore, our prior precedent rule must give way to the direction we've received from Florida's highest court.  We vacate Jenkins's § 922(g)(1) conviction for being a felon in possession of a firearm and remand for resentencing.

**VACATED AND REMANDED.**