[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15874

_____

D.C. Docket No. 1:13-cr-20334-CMA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH PETER CLARKE,
BOBBY JENKINS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 11, 2016)

Before MARTIN and DUBINA, Circuit Judges, and RODGERS,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Margaret C. Rodgers, Chief United States District Judge for the Northern District of Florida, sitting by designation.

Whether a conviction qualifies under 18 U.S.C. § 922(g)(1), the federal felon-in-possession statute, is "determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). Florida's felon-in-possession statute prohibits a person from "own[ing] or [ ] hav[ing] in his or her care, custody, possession, or control any firearm . . . if that person has been . . . [c]onvicted of a felony in the courts of [Florida]." Fla. Stat. § 790.23(1).

A year ago, we certified a question to the Florida Supreme Court asking whether that State treats a guilty plea for a felony with adjudication withheld as a "conviction" for purposes of § 790.23(1)(a). United States v. Clarke, 780 F.3d 1131 (11th Cir. 2015) (per curiam) (Clarke I). We revisit this appeal with the benefit of that court's clear response: "[F]or purposes of section 790.23(1)(a), a guilty plea for a felony for which adjudication was withheld does not qualify as a 'conviction.'"[1] Clarke v. United States, 184 So. 3d 1107, 1108 (Fla. 2016) (Clarke II). Based on this clear response, we vacate defendant Bobby Jenkins's conviction under § 922(g)(1) for being a felon in possession of a firearm and remand for resentencing.

---

[1] We attach the Florida Supreme Court's opinion as an appendix.

2

I.

Joseph Peter Clarke and Bobby Jenkins appeal their convictions for conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); conspiracy to possess with intent to distribute five or more kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), 846; possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); and using and carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, specifically, the Hobbs Act robbery, id. § 924(c)(1)(A).  Both Jenkins and Clarke raise a number of challenges on appeal.  We address all but this one in a separate opinion.

Here we address only Jenkins's § 922(g)(1) conviction for being a felon in possession of a firearm.  According to the government, Jenkins was a convicted felon because earlier in his life he pleaded guilty to possession of cocaine in Florida. Although Jenkins was found guilty of cocaine possession, the adjudication of that offense was withheld.  Jenkins argues that because this adjudication was withheld, his possession-of-cocaine charge does not qualify as a "conviction" under Florida law.

We have held that the "appropriate source of applicable Florida law [for evaluating the term 'conviction' in § 922(g)(1)] would be that surrounding Florida's own unlawful possession of firearms by a felon statute, Fla. Stat. Ann. § 790.23."

3

United States v. Chubbuck, 252 F.3d 1300, 1304 (11th Cir. 2001). In Clarke II, the Florida Supreme Court answered our question about whether a guilty plea with adjudication withheld is a "conviction" under the State's felon-in-possession statute "in the negative." 184 So. 3d at 1108.

In arriving at this conclusion, the Florida Supreme Court reasoned that when a defendant "such as Jenkins . . . has his or her adjudication withheld, it is because the trial court has found that the defendant is not likely to engage in further criminal conduct and that justice and the welfare of society do not require that the defendant suffer the penalty imposed by law." Id. at 1114–15. Now that the Florida Supreme Court has made clear that Jenkins's guilty plea with adjudication withheld is not a "conviction" for purposes of § 790.23(1)(a), his § 922(g)(1) conviction cannot stand.

II.

The Eleventh Circuit has contrary precedent on this issue. In United States v. Orellanes, 809 F.2d 1526 (11th Cir. 1987), we said that "one who pleads guilty in a Florida state court and has imposition of sentence withheld, may nevertheless be held to have been 'convicted' for purposes of applying federal criminal statutes which punish certain conduct following conviction of a felony." Id. at 1527. We affirmed that holding in United States v. Grinkiewicz, 873 F.2d 253 (11th Cir. 1989) (per curiam). However, in Chubbuck we recognized that "[i]t has become increasingly clear that perhaps our interpretation of Florida law was either in error or

4

has since changed." 252 F.3d at 1305.

Generally, we are bound by prior decisions of this Court unless the Eleventh Circuit sitting en banc overrules the prior decision. See Hattaway v. McMillian, 903 F.2d 1440, 1445 n.5 (11th Cir. 1990). However, if "the United States Supreme Court or the Florida courts cast doubt on our interpretation of state law, a panel [is] free to reinterpret state law in light of the new precedents." Id. Florida's highest court has plainly told us that our interpretation of Florida law in Orellanes and Grinkiewicz was wrong. Therefore, our prior precedent rule must give way to the direction we've received from Florida's highest court. We vacate Jenkins's § 922(g)(1) conviction for being a felon in possession of a firearm and remand for resentencing.

**VACATED AND REMANDED.**

# **APPENDIX**

# Supreme Court of Florida

_____

No. SC15-506

_____

**JOSEPH PETER CLARKE, et al.,**
Appellants,

vs.

**UNITED STATES OF AMERICA,**
Appellee.

[February 11, 2016]

LABARGA, C.J.

This case is before the Court for review of a question of Florida law certified by the United States Court of Appeals for the Eleventh Circuit that is determinative of a cause pending in that court and for which there appears to be no controlling precedent. We have jurisdiction. See art. V, § 3(b)(6), Fla. Const. In United States v. Clarke, 780 F.3d 1131 (11th Cir. 2015), the court certified the following question to this Court:

> Florida law prohibits a person from "own[ing] or . . . hav[ing] in his or her care, custody, possession, or control any firearm . . . if that person has been . . . [c]onvicted of a felony in the courts of [Florida]." Fla. Stat. § 790.23(1). For purposes of that statute, does a guilty plea for a felony for which adjudication was withheld qualify as a "convict[ion]"?

7

Id. at 1133.  Section 790.23(1)(a), Florida Statutes (2008), in pertinent part, makes it a criminal offense for a person to own or have in his or her care, custody, possession, or control any firearm if that person has been convicted of a felony in the courts of this state.[1]  Thus, this Court is asked by the Eleventh Circuit to determine if, under Florida law, a person is "convicted" for purposes of that statute if the person has entered a plea of guilty to a felony offense but adjudication for that offense has been withheld.  For the reasons that we explain, we answer the certified question in the negative and hold that for purposes of section 790.23(1)(a), a guilty plea for a felony for which adjudication was withheld does not qualify as a "conviction" under that statute.

## BACKGROUND AND FACTS

Joseph Peter Clarke and Bobby Jenkins were codefendants in the United States District Court for the Southern District of Florida.  Clarke has no issues in this appeal and his case is not the subject of the certified question.  We are concerned here only with the certified question as it relates to Bobby Jenkins.  The Eleventh Circuit addressed all other claims appealed by Jenkins and Clarke in a separate opinion, and those claims are not at issue here.[2]  The question now before

---

1.  Section 790.23(1)(a), Florida Statutes, also makes it unlawful for any person to own or to have in his or her care, custody, possession, or control any ammunition or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been convicted of a felony.

- 2 -

this Court involves whether Jenkins' prior guilty plea in Florida in 2008, followed by a withhold of adjudication as to the felony offense committed by him, constitutes a "conviction" under section 790.23(1)(a).

In this case, the Eleventh Circuit explained that, after a reverse sting, Jenkins and Clarke were indicted for conspiracy to commit Hobbs Act robbery, conspiracy to possess with intent to distribute five or more kilograms of cocaine, possession of a firearm by a convicted felon, and using and carrying a firearm in furtherance of a crime of violence.  Clarke, 780 F.3d at 1132.  The evidence at trial revealed that Jenkins and Clarke were in a vehicle on the way to the purported home invasion robbery and, when confronted by a team of detectives, Jenkins was found with a .40 caliber SIG Sauer handgun.  See United States v. Clarke, 600 F. App'x 709, 713 (11th Cir. 2015).  In Count 3 of the indictment, Jenkins was charged with violating 18 U.S.C. § 922(g)(1), which makes it a federal offense for a person convicted of an offense punishable by a term of imprisonment exceeding one year to possess a firearm or ammunition.  Id.

As to the question of whether Jenkins was a convicted felon subject to 18 U.S.C. § 922(g), the Eleventh Circuit explained:

> In Count 3 of the indictment, Jenkins was charged with violating § 922(g), which makes it a felony for a convicted felon to

---

2.  See United States v. Clarke, 600 F. App'x 709 (11th Cir. 2015), an appeal by both Jenkins and Clarke in which the court considered five claims of error and affirmed.

- 3 -

possess a firearm.  According to the government, Jenkins was a convicted felon because he previously pleaded guilty to possession of cocaine in Florida.  However, although there was a finding of guilt, adjudication was withheld.  Jenkins argues that because this adjudication was withheld, his possession-of-cocaine charge should not qualify as a "conviction" under § 922(g).

Clarke, 780 F.3d at 1132.  What constitutes a conviction for purposes of 18 U.S.C. § 922(g)(1) "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  18 U.S.C. § 921(a)(20).[3]  "[T]he . . . appropriate source of applicable Florida law would be that surrounding Florida's own unlawful possession of firearms by a felon statute, Fla. Stat. Ann. § 790.23." United States v. Chubbuck, 252 F.3d 1300, 1304 (11th Cir. 2001).  Thus, the question before this Court is whether Florida treats a guilty plea with adjudication withheld as a "conviction" for purposes of section 790.23, Florida Statutes.

The Eleventh Circuit concluded that the Florida Supreme Court has not squarely addressed this issue, but noted that in State v. McFadden, 772 So. 2d 1209 (Fla. 2000), in a different context, this Court adopted a definition of "conviction" that requires an adjudication of guilt or judgment of conviction by the trial court. Clarke, 780 F.3d at 1132.  The Eleventh Circuit also explained that in McFadden,

_____

3.  The federal law, 18 U.S.C. § 921(a)(20), further provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."  18 U.S.C. § 921(a)(20).

- 4 -

this Court relied on its opinion in State v. Snyder, 673 So. 2d 9 (Fla. 1996), where we "noted that Florida's felon-in-possession law 'applies "following an adjudication of guilt in the trial court." ' " Clarke, 780 F.3d at 1132 (quoting McFadden, 772 So. 2d at 1215 n.5 (quoting Snyder, 673 So. 2d at 10)). The Eleventh Circuit also recognized that Florida's Second and Third District Courts of Appeal have held that, for purposes of section 790.23, Florida Statutes, a conviction requires adjudication. Clarke, 780 F.3d at 1132-33 (citing Castillo v. State, 590 So. 2d 458, 461 (Fla. 3d DCA 1991), and State v. Menuto, 912 So. 2d 603, 605-06 (Fla. 2d DCA 2005)).

The reason the Eleventh Circuit certified the question in the instant case was further explained as follows:

> Ordinarily, this suggestion from the Florida Supreme Court that a withheld adjudication is insufficient, along with on-point Florida District Courts of Appeal rulings that confirm the suggestion, would be enough for us to find that Jenkins's prior crime was not a conviction under § 922(g). Indeed, we have previously said that "[i]n matters of state law, federal courts are bound by the rulings of the state's highest court. If the state's highest court has not ruled on the issue, a federal court must look to the intermediate state appellate courts." Veale v. Citibank, F.S.B., 85 F.3d 577, 580 (11th Cir. 1996) (citation omitted). But the difficulty for us in this case is that this Circuit has held the opposite in at least two earlier cases. In United States v. Orellanes, 809 F.2d 1526 (11th Cir. 1987), we said that "one who pleads guilty in a Florida state court and has imposition of sentence withheld, may nevertheless be held to have been 'convicted' for purposes of applying federal criminal statutes which punish certain conduct following conviction of a felony." Id. at 1527. We affirmed that holding in United States v. Grinkiewicz, 873 F.2d 253 (11th Cir. 1989) (per curiam).

- 5 -

Thus, we find ourselves facing conflicting commands. On the one hand, our prior-precedent rule demands that we follow our prior decisions on this matter. See Chubbuck, 252 F.3d at 1305 n.7 ("We are not at liberty to disregard binding case law that is so closely on point that has been only weakened, rather than directly overruled, by the [Florida] Supreme Court." (alteration adopted) (quoting Fla. League of Prof'l Lobbyists v. Meggs, 87 F.3d 457, 462 (11th Cir. 1996))). On the other hand, although the Florida Supreme Court has not directly addressed the point, indications from that Court suggest that our holdings in Orellanes and Grinkiewicz are no longer in keeping with Florida law. At least two lower appellate courts in Florida confirm this interpretation. We have noted in a case addressing this same issue: "It has become increasingly clear that perhaps our interpretation of Florida law was either in error or has since changed." Chubbuck, 252 F.3d at 1305.

Clarke, 780 F.3d at 1133. With this background in mind, we turn to determination of the certified question before us.

## ANALYSIS

As the Eleventh Circuit has explained, that court is bound to follow its own precedent. Chubbuck, 252 F.3d at 1305. In 2001, relying on its prior decisions in United States v. Orellanes, 809 F.2d 1526 (11th Cir. 1987), and United States v. Grinkiewicz, 873 F.2d 253 (11th Cir. 1989), the Eleventh Circuit held in Chubbuck that the district court did not err in finding that a charge of felon-in-possession under 18 U.S.C. § 922(g) could be proven where the defendant pled guilty to a felony even though adjudication was withheld. Chubbuck, 252 F.3d at 1305. However, the Eleventh Circuit cautioned in Chubbuck that "[i]t has become increasingly clear that perhaps our interpretation of Florida law was either in error

- 6 -

or has since changed, but given the defendant's failure to object and without any definitive authority from the Florida Supreme Court that contradicts our precedent, we decline to, and in fact cannot, find that the district court committed plain error." Chubbuck, 252 F.3d at 1305. In a footnote in Chubbuck, the court explained that under its precedent, a panel cannot overrule "a prior [panel's] holding even though convinced it is wrong." Id. at n.7 (quoting U.S. v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc)). The Eleventh Circuit stated, however, that "the prior precedent rule would not apply if intervening on-point case law from either this Court [the Eleventh Circuit] en banc, the United States Supreme Court, or the Florida Supreme Court existed." Id. at n.7 (bracketed material added).

Again, in the present case, the Eleventh Circuit has expressed its doubts about whether this Court holds that "conviction," for purposes of section 790.23(1), can be proven where adjudication was withheld as to the prior felony offense. The Eleventh Circuit stated, "On the other hand, although the Florida Supreme Court has not directly addressed the point, indications from that Court suggest that our holdings in Orellanes and Grinkiewicz are no longer in keeping with Florida law." Clarke, 780 F.3d at 1133. In deciding Orellanes, where it held that under Florida law the term "conviction" means a determination of guilt and does not require an adjudication by the Court for prosecution under 18 U.S.C.

- 7 -

§ 922(g), the Eleventh Circuit relied on this Court's decision in State v. Gazda, 257 So. 2d 242 (Fla. 1971).

In Gazda, we held in a different context that "for purposes of construing § 775.14 . . . the term 'conviction' means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court." Gazda, 257 So. 2d at 243-44.  Section 775.14 dealt with a statutory limitation on the ability of the state to sentence a defendant for a conviction of the same crime for which sentence had been earlier withheld and not altered for five years.  However, in Gazda, adjudication was not withheld pursuant to section 948.01, Florida Statutes, as it was in Jenkins' case, but was simply postponed while the defendant was sent for medical treatment.[4]  Later, in Grinkiewicz, the Eleventh Circuit relied on its prior decision in Orellanes to reach the same conclusion that "conviction" does not require an adjudication of guilt.  Grinkiewicz, 873 F.2d at 255 (citing Orellanes as binding precedent on the question of whether under Florida law a person is considered a felon even when there has been a withholding of adjudication of guilt).

_____

4. In Gazda, the trial court postponed adjudication and sentencing pending a presentence investigation.  Shortly thereafter, the defendant was remanded for medical treatment at the Southwest Florida Tuberculosis Hospital.  Gazda, 257 So. 2d at 243.  The defendant never returned from the state hospital for adjudication and sentencing.  Id.

As noted above, the Eleventh Circuit in the instant case is concerned that this Court may hold that a conviction—for purposes of section 790.23(1), Florida's "felon-in-possession" statute—does require an adjudication of guilt. The Eleventh Circuit cited this Court's decision in State v. McFadden, 772 So. 2d 1209 (Fla. 2000), in which we adopted a definition of "conviction" that requires an adjudication in the context of use of a prior conviction in impeaching a witness. We stated in McFadden that "where the trial court withholds adjudication of guilt as authorized by statute," a prior crime is not a "conviction" for purposes of impeachment under the Florida Evidence Code. McFadden, 772 So. 2d at 1216.

In interpreting section 90.610(1), Florida Statutes (1997), the statute at issue in McFadden, we stated:

> In the absence of a definition of "conviction" in section 90.610(1), it is appropriate to resort to prior case law. See State v. Mitro, 700 So. 2d 643, 645 (Fla. 1997). Defining "conviction" to require the adjudication of guilt is consistent with this Court's jurisprudence. Before the enactment of the Florida Evidence Code in 1976, this Court on several occasions had defined the term "conviction" as encompassing a guilty plea or verdict of guilty along with a judgment by the court. Over one hundred years ago, this Court in Barnes observed that in its "ordinary sense," the term " 'conviction' means the ascertainment of the guilt of a party, either by a plea of guilty, or by the verdict of a jury." State ex rel. Owens v. Barnes, 24 Fla. 153, 157, 4 So. 560, 561 (1888). However, the Court recognized that "numerous authorities" held that a "judgment or sentence [was] a necessary component part of 'conviction.' " Id. Thus, for purposes of construing the term "conviction" as used in a statute dealing with "conviction fees," the Court used a definition of conviction that included the judgment and sentence of the court. Id. at 161, 4 So. at 562.

Similarly, this Court once again addressed the definition of "convicted" in the case of Smith v. State, 75 Fla. 468, 473, 78 So. 530, 532 (1918), where the Court construed the term as used in a statute prohibiting the selling of intoxicating liquors to minors. According to this Court, "The meaning of the word 'convicted' as used in the statute . . . means the adjudication by the court of the defendant's guilt." Id. As we stated in Smith:

> This court has so often expressed the opinion that the word "conviction" includes the judgment of the court, as well as a plea or verdict of guilty, that such definition of the word as used in the statute or plea invoked to describe the effect of a former conviction in a subsequent case may be said to be firmly established.

75 Fla. at 475, 78 So. at 532 (emphasis supplied).
. . . .

For purposes of impeaching a witness with a prior conviction under section 90.610(1), however, we find no basis to deviate from the definition of conviction most consistently used by this Court, which requires a judgment of the court adjudicating the defendant guilty.

McFadden, 772 So. 2d at 1214-16. In this statement, we recognized the existence of a longstanding, consistent definition of "conviction" that requires an adjudication. Examples of our longstanding, consistent interpretation of the term "conviction" as requiring adjudication include State v. Barnes, 4 So. 560, 561 (Fla. 1888) (explaining that although some definitions allow a finding of guilt to constitute a conviction, "numerous authorities [] hold the judgment or sentence to be a necessary component part of 'conviction' "); Smith v. State, 78 So. 530, 532 (Fla. 1918) (holding that where "conviction" is an element of the offense, "[t]he meaning of the word 'convicted' as used in the statute . . . means the adjudication

- 10 -

by the court of the defendant's guilt"); Timmons v. State, 119 So. 393, 394 (Fla. 1929) ("The word 'convicted' as used in the indictment against the defendant, under the statute [for unlawful possession of liquor] . . . means that the defendant had been formally adjudged to be guilty by the county judge's court of Marion County."); Weathers v. State, 56 So. 2d 536, 538 (Fla. 1952) (holding that "conviction" occurs when the jury returns a verdict of guilty and the judge "clinches the finding" by adjudicating the defendant's guilt); Delta Truck Brokers, Inc. v. King, 142 So. 2d 273, 275 (Fla. 1962) ("The term 'conviction' has an accepted meaning in applying statutes of this nature [an auto transportation brokerage license statute]. It simply means a determination of guilt and a judgment of guilt by a court of competent jurisdiction in a criminal proceeding." (bracketed material added)).

And, as the Eleventh Circuit noted in the instant case, Florida's Second District Court of Appeal and Third District Court of Appeal have held that for prosecution under section 790.23, Florida Statutes, an adjudication is required. The Third District in Castillo v. State, 590 So. 2d 458 (Fla. 3d DCA 1991), which predated McFadden, held that for prosecution under section 790.23 "we construe 'conviction' to mean an adjudication of guilt. . . . Where adjudication has been withheld, the offender is not a convicted felon." Id. at 461 (citations omitted). And, in State v. Menuto, 912 So. 2d 603 (Fla. 2d DCA 2005), the Second District

- 11 -

relied on Castillo to hold that for purposes of section 790.23(1)(a), " 'conviction' means 'adjudication of guilt'—a mere withhold of adjudication of guilt of the prior offense will not suffice."  Menuto, 912 So. 2d at 605-06 (citing Malcom v. State, 605 So. 2d 945, 948 (Fla. 3d DCA 1992) (holding that defendant was never convicted of a felony for purposes of section 790.23 because he pled guilty and adjudication was withheld)).

In McFadden, we acknowledged that some statutes have been held not to require adjudication to constitute a "conviction."  We explained:

> [W]hen we have defined "conviction" as encompassing only a guilty plea or guilty verdict, we have done so in relation to a specific statute and its specific purpose as set forth by the Legislature.  As we recently recognized in Raulerson v. State, 763 So. 2d 285 (Fla. 2000), although an adjudication of guilt is generally required for there to be a "conviction," that term as used in Florida law is a " 'chameleon-like' term that has drawn its meaning from the particular statutory context in which the term is used." Id. at 291 (quoting State v. Keirn, 720 So. 2d 1085, 1086 (Fla. 4th DCA 1998)).

McFadden, 772 So. 2d at 1215 (emphasis added).  The government points to a number of statutes that provide a definition of "conviction" or "convicted" to expressly include determinations of guilt for which adjudication was withheld.  See, e.g., § 112.3173, Fla. Stat. (regarding felonies involving breach of public trust, etc., which expressly includes a determination of guilt when adjudication is withheld in the definition of conviction); § 775.13(1), Fla. Stat. (defining "convicted" to mean determination of guilt "regardless of whether adjudication is

- 12 -

withheld," for purpose of registering as a felon); § 775.084, Fla. Stat. (regarding sentence enhancement for habitual felony offenders, which expressly treats probation or community control without an adjudication of guilt as a prior conviction); and § 943.0435(1)(b), Fla. Stat. (defining "convicted" to include a determination of guilt regardless of whether adjudication is withheld, for purpose of sex offender registration). The Fifth District in Clinger v. State, 533 So. 2d 315, 316 (Fla. 5th DCA 1988), also recognized that "for some limited purposes" conviction means determination of guilt, regardless of whether adjudication was withheld. One of those "limited purposes" described by Clinger is for the purpose of sentencing under Florida Rule of Criminal Procedure 3.701(d)(2), titled "Sentencing Guidelines," which currently defines "conviction" as a determination of guilt resulting from a plea or trial, regardless of whether adjudication was withheld. See Fla. R. Crim. P. 3.701(d)(2). The significant factor concerning the above-cited statutes and rule is that they do expressly include withheld adjudications as convictions for purposes of the statute or rule. Notably, section 790.23, at issue in this case, does not expressly include withheld adjudications within the definition of conviction of a felony for purposes of the "felon-in-possession" offense.

As the Fourth District in State v. Keirn explained, "[i]n Florida law, 'conviction' is a chameleon-like term which draws its meaning from its statutory

- 13 -

context," and that "[w]here the statutory context requires it, the term 'conviction' has been construed broadly to include dispositions where there has been no adjudication of guilt." 720 So. 2d 1085 (Fla. 4th DCA 1998), approved sub nom. Raulerson v. State, 763 So. 2d 285 (Fla. 2000). Keirn concluded that "proper construction of the term 'conviction' requires a close examination of its statutory context and legislative history and development." Id. at 1088. In construing the statute at issue in McFadden, in light of the "chameleon-like" nature of the term "conviction," we looked to the purpose of the statute at issue. We concluded in McFadden that an adjudication of guilt is required to constitute a "conviction" for purposes of impeachment under the evidence code because if the witness has a criminal record, it could affect the witness's credibility. 722 So. 2d at 1216. We also concluded in McFadden that "it is the adjudication of guilt or the judgment of conviction that becomes essential to utilizing a prior crime as a 'conviction' to challenge a testifying witness's present credibility." Id.

Because the meaning of "conviction," if not expressly stated in the statute, will turn on the intent and purpose of the statute at issue, we will consider the statute as a whole, including the evil to be corrected, in endeavoring to ascertain that purpose. See, e.g., McKibben v. Mallory, 293 So. 2d 48, 52 (Fla. 1974). For example, we held in McCrae v. State, 395 So. 2d 1145, 1154 (Fla. 1980), that a guilty plea, or verdict of guilty, prior to adjudication and sentencing, constituted a

- 14 -

"conviction" for purposes of section 921.141(5)(b), Florida Statutes (1975), governing aggravating circumstances in capital sentencing proceedings. We found it proper to allow evidence of McCrae's guilty plea to assault with intent to commit murder as a prior violent felony conviction which constituted an aggravating factor in capital sentencing[5] because it "was so intended by the [L]egislature." Id. at 1154. This conclusion was based in large part on the fact that in determining if a death sentence should be imposed, a court must consider the circumstances set forth in section 921.141, Florida Statutes, which will aid the judge in "establishing the overall character analysis of a defendant so that he [or she] may properly determine the appropriate sentence." Id. We stated, "Given the purpose of this process, it is illogical that a plea of guilty to a serious offense involving violence that is disposed of by a sentence that includes a withholding of adjudication of guilt should be treated differently than a plea of guilty with court adjudication." Id.

In looking to the purpose of section 790.23(1)(a), and the evil to be corrected by that provision, we held in 1967 that section 790.23, prohibiting convicted felons from possessing firearms, is a reasonable public safeguard "intended to protect the public by preventing the possession of firearms by persons who, because of their past conduct, have demonstrated unfitness to be entrusted with such dangerous

---

5. Section 921.141(5)(b), Florida Statutes (1975).

- 15 -

instrumentalities." State v. Snyder, 673 So. 2d 9, 10 (Fla. 1996) (citing Nelson v. State, 195 So. 2d 853, 855 & n.8 (Fla. 1967)).  However, when a defendant, such as Jenkins in this case, has his or her adjudication withheld, it is because the trial court has found that the defendant is not likely to engage in further criminal conduct and that justice and the welfare of society do not require that the defendant suffer the penalty imposed by law.  See § 948.01(2), Fla. Stat. (2008).

Section 948.01, titled "When court may place defendant on probation or into community control," states in pertinent part in subsection (2):

> (2)  If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation.

§ 948.01(2), Fla. Stat. (2008).[6]  The government urges that this provision only grants the trial court discretion to withhold adjudication in order for the defendant to avoid a sentence of imprisonment.  However, there are other penalties imposed by law on those persons who have been convicted of a felony.  For instance, section 790.065, Florida Statutes (2015), governs sale and delivery of firearms.  Section 790.065(2)(a)1. provides that upon receipt of a request for a criminal

---

6.  Similar language occurs in the current version of the statute.  See § 948.01(2), Fla. Stat. (2015).

- 16 -

history check, the Florida Department of Law Enforcement shall review records to determine if the potential buyer "[h]as been convicted of a felony and is prohibited from receipt or possession of a firearm pursuant to s. 790.23." However, in that same statute, section 790.065(2)(a)3. states that such a records review should determine if the buyer "[h]as had adjudication of guilt withheld or imposition of sentence suspended on any felony . . . ." Additionally, there is precedent to find that the purpose of withholding adjudication is rehabilitative, to avoid "damning consequences," and so that the defendant does not lose his or her civil rights. We explained in Peters v. State, 984 So. 2d 1227 (Fla. 2008), that "[t]he purpose of the granting of probation . . . without an actual adjudication of guilt, is rehabilitation of one who has committed the crime charged without formally and judicially branding the individual as a convicted criminal and without the loss of civil rights and other damning consequences." Id. at 1231 (quoting Bernhardt v. State, 288 So. 2d 490, 495 (Fla. 1974)); see also Lopez v. State, 509 So. 2d 1334, 1335 n.4 (Fla. 3d DCA 1987) (concluding that the purpose of allowing the trial court to place a defendant on probation after he or she is found guilty after a plea or trial, without entering a formal judgment of conviction, is rehabilitative, and if the defendant completes his probationary period, he will not be a "convicted criminal with consequent loss of civil rights . . . .").

- 17 -

As we made clear in <u>McFadden</u>, "where the trial court withholds adjudication of guilt as authorized by statute and 'stay[s] and withhold[s] the imposition of sentence,' the court has found that 'the defendant is not likely again to engage in a criminal course of conduct.' " <u>McFadden</u>, 772 So. 2d at 1216 (quoting § 948.01(2), Fla. Stat. (1997)).  Because section 790.23(1) is intended to keep firearms out of the hands of persons who are dangerous or who might reoffend, that purpose is not served where the trial court has explicitly determined that the defendant is not a danger and is not likely to reoffend—thus withholding adjudication under section 948.01 as was done in this case.  The text of section 790.23(1)(a) does not state that the statute applies notwithstanding the fact that adjudication was withheld.  Thus, we adhere to our longstanding, consistent definition of "conviction" to require an adjudication by the court, and conclude that proof of a felony conviction for the purpose of prosecution of an offense under section 790.23(1) requires proof of an adjudication of guilt.

## CONCLUSION

For the reasons explained above, we answer the certified question posed by the Eleventh Circuit Court of Appeals in the negative and hold that for purposes of section 790.23(1), a guilty plea for a felony for which adjudication was withheld does not qualify as a "conviction" under that statute.  Having answered the certified question, we return this case to the Eleventh Circuit Court of Appeals.

- 18 -

It is so ordered.

PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Certified Question of Law from the United States Court of Appeals for the Eleventh Circuit - Case No. 13-15874

Michael Caruso, Federal Public Defender, and Tracy Michele Dreispul, Assistant Federal Public Defender, Miami, Florida,

    for Appellant Bobby Jenkins

Wifredo Antonio Ferrer, United States Attorney, Emily M. Smachetti, Chief, Appellate Division, Lisette Marie Reid, Assistant United States Attorney, and Amit Agarwal, Assistant United States Attorney, Miami, Florida,

    for Appellee