[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14025
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20152-JLK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONTREY WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 26, 2016)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Dontrey Williams appeals his conviction for possession of a firearm by a

felon, in violation of 18 U.S.C. § 922(g)(1).  He claims that his entry of a guilty

plea with "adjudication withheld" in Florida state court did not make him a "felon" for § 922(g)(1).  Whether a person is a "felon" for § 922(g)(1) "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." Id. § 921(a)(20).  A little over a year ago, this court certified to the Florida Supreme Court the question of whether a guilty plea with adjudication withheld is a "conviction" under Florida law.  United States v. Clarke, 780 F.3d 1131, 1132 (11th Cir. 2015) (per curiam) (alteration omitted).  This past February, the Florida Supreme Court responded by ruling that "a guilty plea for a felony for which adjudication was withheld does not qualify as a 'conviction.'"  Clarke v. United States, 184 So. 3d 1107, 1108 (Fla. 2016).  This court then vacated a § 922(g)(1) conviction that was based on a guilty plea in Florida state court where adjudication was withheld.  United States v. Clarke, 822 F.3d 1213, 1214–15 (11th Cir. 2016) (per curiam).  Williams's § 922(g)(1) conviction was also based on a guilty plea in Florida state court where adjudication was withheld.  The government therefore concedes that Williams's "§ 922(g) conviction for being a felon in possession must be vacated."  [**R. Br. 8**]  We agree.

    **VACATED AND REMANDED**.