[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16063
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00328-SCB-AAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YANNIER ARIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 5, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Yannier Arias appeals his convictions and 102-month sentence for two counts of conspiring to commit access device fraud and aggravated identity theft, 18 U.S.C. § 371; nine counts of access device fraud, *id.* §§ 2, 1029(a)(1); five counts of aggravated identity theft, *id.* §§ 2, 1028A; and one count of possessing more than 15 counterfeit and unauthorized access devices, *id.* §§ 2, 1029(a)(3). Arias challenges the denial of his motions to sever the charges against him, to exclude a videotape showing his vehicle exceeding the speed limit, and to acquit him of seven offenses that he committed with Jose Vera. Arias also challenges the denial of downward adjustments for acceptance of responsibility and for a minor role; the reasonableness of his sentence; and, for the first time, the calculation of his criminal history score. We affirm.

The district court did not abuse its discretion when it denied Arias's motion to sever the charges in Counts 1 through 9 related to his conspiracy with Vera from the charges in Counts 10 through 17 related to his conspiracy with Daniel Sardinas-Lopez. All of Arias's offenses involved stealing personal identification information to produce counterfeit credit cards for use by the coconspirators. Because Arias's offenses were "of the same or similar character," Fed. R. Crim. P. 8(a), they were subject to joinder. *See United States v. Barsoum*, 763 F.3d 1321, 1336–37 (11th Cir. 2014). And Arias failed to prove that joinder "resulted in

2

compelling prejudice against which the district court could offer no protection."

*See United States v. Bowers*, 811 F.3d 412, 422 (11th Cir. 2016) (quoting *United*

*States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993)). Arias was tried separately to

enable the jury to determine guilt based solely on the evidence of his conduct, and

the government presented its evidence in a sequential manner to help the jurors

assess Arias's participation in each conspiracy. Furthermore, the district court

instructed the jury that "[i]f you find the defendant guilty or not guilty of one of the

crimes, that must not affect your verdict for any other crime," and we presume that

the jury followed that instruction. *See id.*

The district court also did not abuse its discretion when it admitted video

footage displaying the high rate of speed that Arias drove to evade arrest. Troopers

Jorge Navarez and Walex Louis testified that they stopped Arias's vehicle; that a

wallet and cigarette box containing fraudulent identification cards were tossed out

the passenger side window; that Arias said the wallet and box were empty and then

produced a fraudulent driver's license identifying himself as Angel Garcia; that

Arias fled when Navarez handed the wallet and box to Louis; and that Arias

proceeded to lead the troopers on a high speed chase. The video recording of

Arias's flight that showed the speeds that he reached was "admissible to

demonstrate [his] consciousness of guilt and thereby guilt." *See United States v.*

*Blakey*, 960 F.2d 996, 1000 (11th Cir. 1992).

3

Arias argues that he was entitled to a partial verdict of acquittal for Counts 10 through 17, but he has waived that argument by failing to comply with Federal Rule of Appellate Procedure 28(a)(8)(A). That rule requires an appellant to include in his brief an "argument, which must contain [his] contentions and reasons for them, with citations to the authorities and parts of the record on which [he] relies." Fed. R. App. P. 28(a)(8)(A). The government contends, and we agree, that Arias's "argument is not sufficient developed . . . to merit appellate review." Arias's argument consists of one paragraph in which he asserts that each of the charges connected to his conspiracy with Vera "were not proven." In the light of our repeated warnings about the consequences of failing to comply with Rule 28(a)(8)(A), we deem waived Arias's challenge to the denial of his motion for a judgment of acquittal. *See Nat'l All. for the Mentally Ill, St. Johns Inc. v. Bd. of Cty. Comm'rs*, 376 F.3d 1292, 1295–96 (11th Cir. 2004); *Farrow v. West*, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003); *Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991).

Even if Arias had not waived the issue, we would affirm the denial of his motion for judgment of acquittal. The government presented ample evidence of Arias's crimes with Vera, including video surveillance of them using a counterfeit credit card in stores at the Orlando mall, evidence of the high-speed chase and

4

counterfeit cards in the same name thrown from Arias's car, and counterfeit drivers' licenses in the same name seized from Arias and Vera.

The district court did not clearly err in finding that Arias failed to accept responsibility for his crimes. For a defendant to obtain a two-level reduction of his offense level, he must "clearly demonstrate[] acceptance of responsibility for his offense." United States Sentencing Guidelines Manual § 3E1.1(a) (Nov. 2015). Arias was not entitled to the reduction because he "put[] the government to its burden of proof at trial . . ., [was] convicted, and only then admit[ted] guilt and expresse[d] remorse." *Id.* cmt. n.2. Arias moved to exclude inculpatory evidence and contested his guilt. *See United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009). Arias also never expressed genuine contrition for his misdeeds. As the district court stated, Arias's sentencing memorandum "minimized [his] responsibility" by stating his coconspirators led the schemes to defraud and was "full of excuses" that he was helping his coconspirators and that he needed the money to satisfy his financial obligations. Arias's conduct was inconsistent with an acceptance of responsibility.

The district court also did not clearly err by finding that Arias served more than a minor role in the conspiracy. To qualify as a minor participant, a defendant must be "less culpable than most other participants in the criminal activity, but [his] role [cannot] be described as minimal." U.S.S.G. § 3B1.2(b) & cmt. n.5.

When Arias worked with Lopez, the two men were videotaped together using counterfeit credit cards, two of which bore the name on Arias's fraudulent driver's license; a tracking device on Lopez's vehicle showed that he routinely visited Arias before driving to gas stations to install skimming devices; and agents discovered in Lopez's house nine counterfeit credit cards embossed with Arias's name. When Arias worked with Vera, Arias was videotaped serving as a lookout for, shopping with, and carrying items that Vera purchased using a counterfeit credit card that was discarded from Arias's car and that was embossed with the name on Arias's fraudulent driver's license. Arias bore the burden of proving he played a lesser role, *see United States v. Moran*, 778 F.3d 942, 980 (11th Cir. 2015), and he offered no evidence other than his self-serving statements to prove that Lopez or Vera had a more significant role than him in the conspiracies. Based on the nature and extent of Arias's conduct, the district court reasonably denied Arias a reduction for the reason that he was not "a minor participant in either of the conspiracies" and was "not substantially less liable or responsible" than Lopez or Vera. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *United States v. De Varon*, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

Arias challenges the addition of one point to his criminal history score for a prior conviction for petit theft, *see* U.S.S.G. § 4A1.1(c), but because Arias did not raise this issue in the district court, we review for plain error. Under that standard,

6

Arias must prove that an error occurred that is plain and that affected his substantial rights. *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). Arias argues that *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016), bars scoring his prior conviction because adjudication was withheld. In *Clarke*, we held that a guilty plea without adjudication does not qualify as a "crime punishable by imprisonment for a term exceeding one year" for purposes of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). *Clarke*, 822 F.3d at 1214–15. But the district court used Arias's prior conviction to calculate his criminal history score under sections 4A1.1(c) and 4A1.2(f) of the Sentencing Guidelines. Under those provisions, Arias's prior conviction with adjudication withheld following a plea of nolo contendere warrants one criminal history point as a diversionary disposition. *See United States v. Rockman*, 993 F.2d 811, 813–14 (11th Cir. 1993). The district court did not err, much less plainly err, in calculating Arias's criminal history.

Arias also argues that his sentence of 102 months of imprisonment is substantively unreasonable, but we disagree. While on probation for committing petit theft in Florida, Arias misappropriated the means of identification of at least 10 actual persons, which he used to create counterfeit credit cards and to cause a loss of more than $150,000. And in his attempt to evade arrest, Arias endangered the public by leading officers on a high speed chase. With an offense level of 24

7

and a criminal history of III, Arias faced an advisory guideline range of 63 to 78 months for each of his crimes of conspiracy, access device fraud, and possessing counterfeit access devices, and a mandatory consecutive sentence of 24 months for each of his aggravated identity theft crimes. The district court reasonably determined that imposing concurrent terms of 78 months that ran consecutively to concurrent terms of 24 months, which resulted in a sentence "within the guideline range" yet "at [its] high end," was necessary to account for Arias's criminal history and the seriousness of his offense, to deter him from future similar conduct, and to protect the public. *See* 18 U.S.C. § 3553(a). Arias argues that his sentence is "vastly disparate" from Lopez's 48-month sentence, but the two men are not similarly situated. *See United States v. Docampo*, 573 F.3d 1091, 1101–02 (11th Cir. 2009). In contrast to Arias, who proceeded to trial for multiple offenses connected to two conspiracies, Sardinas-Lopez pleaded guilty for two offenses that he committed during one conspiracy. The district court did not abuse its discretion.

We **AFFIRM** Arias's convictions and sentence.