[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11424

_____

D.C. Docket No. 1:15-cr-20694-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE ANDERSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 26, 2018)

Before JORDAN and JILL PRYOR, Circuit Judges, and DUFFEY,[*] District Judge.

PER CURIAM:

_____

[*] Honorable William S. Duffey, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

Tyrone Anderson appeals his 180-month sentence, imposed after he pled guilty to one count of possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Anderson argues the district court erred in enhancing his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Specifically, he argues the district court improperly found he possessed three prior convictions that qualified as predicates for the ACCA enhancement.  He also argues his constitutional rights were violated because the predicate convictions were neither charged in the indictment nor admitted by him.  Because binding circuit precedent forecloses Anderson's arguments on appeal, we affirm.

## I.    BACKGROUND

Anderson pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  That charge carries a maximum punishment of 10 years' imprisonment, but if an individual has had three or more prior convictions for a "serious drug offense" or "violent felony," or some combination thereof, ACCA increases the term of incarceration to a mandatory minimum of 15 years.  *Id.* § 924(a)(2), (e).  Anderson's presentence investigation report ("PSI") indicated that Anderson qualified for the ACCA enhancement.  It identified three qualifying prior convictions:  one "violent felony" conviction for armed robbery, in violation of Florida Statutes § 812.13(2)(a), and two "serious

drug offense" convictions, both for possession of narcotics with intent to sell, in violation of Florida Statutes § 893.13.

Anderson objected to the PSI's finding that the ACCA enhancement applied. He argued that his armed robbery conviction was not a "violent felony" under ACCA and that possession of narcotics with intent to sell was not a "serious drug offense" under ACCA. He also argued that one of his prior narcotics charges, to which he pled guilty but where adjudication was withheld,[1] did not constitute a "conviction" for ACCA purposes. Finally, he argued that the imposition of an ACCA enhancement violated his constitutional rights because the facts supporting the enhancement were neither admitted nor charged in the indictment and proven beyond a reasonable doubt. The district court rejected Anderson's arguments and sentenced him to 180 months' imprisonment, followed by five years of supervised release. This is Anderson's appeal.

## II.    STANDARD OF REVIEW

We review *de novo* whether a prior conviction qualifies as an ACCA predicate. *United States v. Esprit*, 841 F.3d 1235, 1238 (11th Cir. 2016). We review questions of statutory interpretation *de novo*. *United States v. Santiago*,

---

[1] Under Florida law, a court may withhold adjudication of guilt if it determines "that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law." Fla. Stat. § 948.01(2).

3

601 F.3d 1241, 1243 (11th Cir. 2010).  We also review *de novo* whether a sentence is constitutional.  *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010).

### III.    ANALYSIS

**A.    Under Our Binding Precedent, Florida Armed Robbery and Possession of Narcotics with Intent to Sell Are ACCA Predicates.**

On appeal, Anderson argues that armed robbery under Florida Statutes § 812.13(2)(a) is not a "violent felony" under ACCA.  Our prior panel precedent forecloses this argument.  *See United States v. Fritts*, 841 F.3d 937, 944 (11th Cir. 2016) ("[A] Florida armed robbery conviction under § 812.13 categorically qualifies as a 'violent felony' under . . . ACCA's elements clause.").  Under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  Anderson's argument thus is foreclosed.

Anderson's argument that possession of narcotics with intent to sell, in violation of Florida Statutes § 893.13, is not a "serious drug offense" under ACCA because the Florida statute lacks a mens rea element is also foreclosed by our binding precedent.  *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (holding that Florida Statutes § 893.13(1) is a "serious drug offense" that qualifies as an ACCA predicate despite the absence of a mens rea requirement).

**B.    Under Our Binding Precedent, a Florida Guilty Plea Followed by a Withholding of Adjudication Constitutes a "Conviction" for the Purposes of ACCA.**

Anderson next argues that one of his narcotics charges, to which he entered a guilty plea followed by a withholding of adjudication, does not constitute a "conviction" for the purposes of ACCA.[2]  We are again bound by our prior panel precedent to reject this argument.

Title 18 U.S.C. § 921(a)(20) instructs that "[w]hat constitutes a conviction [for the purposes of ACCA] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  Under Florida's statute regarding sentence enhancements for habitual felony offenders, a guilty plea followed by a withholding of adjudication is treated as a conviction.  *See* Fla. Stat. § 775.084(2) ("For the purposes of this section, the placing of a person on probation . . . without an adjudication of guilt shall be treated as a prior conviction.").  Relying on that statute as the state-law analog to ACCA, a panel of this Court held that a defendant's guilty plea in Florida state court, followed by a

---

[2] Anderson asserts that he did not enter a guilty plea because he failed to actually plead guilty during his plea colloquy.  But in *Custis v. United States*, 511 U.S. 485, 487 (1994), the Supreme Court held that, with the "exception of convictions obtained in violation of the right to counsel[,]" a defendant "in a federal sentencing proceeding may [not] collaterally attack the validity of previous state convictions that are used to enhance his sentence under . . . ACCA."  Anderson's judgment indicates that he was found guilty upon the entry of a guilty plea.  Although the state court may have erred in conducting Anderson's plea colloquy, Anderson cannot raise this argument here.

5

withholding of adjudication, also constituted a "conviction" for the purpose of enhancing a sentence under ACCA. *Santiago*, 601 F.3d at 1245-47.

Anderson acknowledges this precedent, but insists that in light of the Supreme Court of Florida's decision in *Clarke v. United States*, 184 So. 3d 1107 (Fla. 2016), *Santiago* is no longer good law.[3] In *Clarke*, the Supreme Court of Florida held that a Florida guilty plea followed by a withholding of adjudication was not a "conviction" for the purposes of Florida Statutes § 790.23(1), Florida's felon in possession of a firearm statute. 184 So. 3d at 1108.

But *Clarke* did not speak directly to the issue here. The relevant statute in that case, Florida's felon in possession of a firearm statute, was silent on whether a withholding of adjudication qualified as a "conviction" for the purposes the felon in possession statute. Here, our binding precedent holds that the relevant statute for ACCA purposes is not Florida's felon in possession of a firearm statute, but Florida's statute regarding sentence enhancements for habitual felony offenders. That statute, unlike the one at issue in *Clarke*, expressly states that for its purposes "the placing of a person on probation or community control without an adjudication of guilt *shall be treated as a prior conviction*." Fla. Stat. § 775.084(2) (emphasis added). Indeed, *Clarke* specifically cited Florida Statutes § 775.084 as

---

[3] Although we are bound by prior panel decisions with respect to federal law, if "subsequent decisions of the . . . Florida courts cast doubt on our interpretation of state law," we are "free to reinterpret state law in light of the new precedents." *Hattaway v. McMillian*, 903 F.2d 1440, 1445 n.5 (11th Cir. 1990) (emphasis omitted).

an example of an "express[ ] inclu[sion of] withheld adjudications within the definition of conviction . . . for purposes of" enhancing the sentence of habitual felony offenders.  184 So. 3d at 1113-14.  *Clarke* therefore does not sufficiently cast doubt on our "interpretation of state law" in *Santiago*.  *Hattaway v. McMillian*, 903 F.2d 1440, 1445 n.5 (11th Cir. 1990).  Thus we conclude that Anderson's argument is foreclosed by *Santiago*.

## C.    Under Our Binding Precedent, Anderson's ACCA-Enhanced Sentence is Constitutional.

Finally, Anderson argues that his sentence is unconstitutional because his three prior convictions increased his mandatory minimum sentence but were neither admitted, nor charged in the indictment and proved beyond a reasonable doubt.  This argument, too, is foreclosed by binding precedent.  As a general rule, "[f]acts that increase the mandatory minimum sentence . . . must be submitted to the jury and found beyond a reasonable doubt."  *Alleyne v. United States*, 570 U.S. 99, 108 (2013).  But the Supreme Court has explained that the fact of a prior conviction is an exception to that rule.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

Anderson also argues that the use of his prior convictions to enhance his sentence under ACCA required the sentencing court to find facts *about* his convictions, rather than simply rely on the fact *of* his convictions.  This argument also is foreclosed.  *See United States v. Greer*, 440 F.3d 1267, 1275 (11th Cir.

7

2006) (rejecting the argument that although a sentencing court properly could "determine the existence of a prior conviction," it was forbidden from "determining the factual nature of a prior conviction" (internal quotation marks omitted)).

## IV.    CONCLUSION

Because each of his arguments is foreclosed by binding precedent, Anderson's sentence must be affirmed.

**AFFIRMED.**

8