**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4009**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

EVER ENRIQUE MEDINA, a/k/a Ever Medina, a/k/a Ever E Medina, a/k/a Ever Enrique Andrade Medina,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:11-cr-00345-JKB-1)

———————

Argued: May 17, 2013             Decided: June 10, 2013

———————

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge Duncan and Judge Wynn joined.

———————

**ARGUED:** Patrick E. Kent, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland, for Appellant. Paul E. Budlow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

WILKINSON, Circuit Judge:

Defendant Ever Enrique Medina challenges the district court's ruling that a diversionary disposition, in which a court sentences a criminal defendant but does not formally enter judgment against him, is a predicate conviction for the purpose of a sentencing enhancement imposed under U.S.S.G. § 2L1.2. For the reasons that follow, we affirm.

I.

In December 2004, Medina, a citizen of El Salvador, pled guilty to possession of a concealed dangerous weapon and possession of marijuana, both in violation of Maryland law. The state judge issued a "probation before judgment" diversionary disposition, sentencing Medina to eighteen months of probation for his offenses without entering judgment in the case. Medina was subsequently arrested for driving under the influence in December 2006 and was convicted in early 2007, triggering his deportation to El Salvador.

After illegally reentering the United States at some unknown time, Medina resurfaced in Baltimore and was arrested in September 2008 for driving without a valid license. He was found guilty and sentenced to sixty days in jail. Approximately two years later, Medina became involved in an altercation at a bar and was arrested for threatening a security officer with a

2

knife. He pled guilty to assault in the second degree and received a ten-year suspended sentence along with five years of probation. Shortly after sentencing on the assault charge, he was detained by Immigration and Customs Enforcement.

On June 23, 2011, Medina was indicted by a federal grand jury in the District of Maryland for unlawful reentry after removal, in violation of 8 U.S.C. § 1326. He pled guilty without a plea agreement. At sentencing, the parties did not dispute Medina's base offense level but did clash over whether his 2004 probation-before-judgment disposition triggered a four-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(D), which applies if a defendant "previously was deported, or unlawfully remained in the United States, after a conviction for" a felony. Medina argued, inter alia, that the term "conviction" in § 2L1.2(b)(1)(D) does not include diversionary dispositions such as probation before judgment because other Guidelines provisions -- as well as the definitions statute applicable to the federal immigration laws generally -- specifically consider diversionary dispositions to be convictions while § 2L1.2(b)(1)(D) does not. He also noted that Maryland courts generally do not consider diversionary dispositions to be convictions for purposes of state law.

The district court, relying on what it called "clear statutory guidance," J.A. 162, rejected Medina's arguments and

3

found that the 2004 disposition was, in fact, a felony conviction within the meaning of § 2L1.2(b)(1)(D). As a threshold matter, the court concluded that the disposition constituted a predicate conviction under the criminal statute itself, 8 U.S.C. § 1326, because the applicable definition section, id. § 1101(a)(48)(A), explicitly defines convictions to include diversionary dispositions. The district court then concluded that the term "conviction" should retain the same meaning across the criminal statute and the Guidelines, given the lack of a clear indication to the contrary. Therefore, the trial judge reasoned, the explicit classification of diversionary dispositions as convictions in § 1101(a)(48)(A) should apply in § 2L1.2(b)(1)(D) as well.

The district court accordingly applied the four-level sentencing enhancement for a prior felony conviction, yielding an advisory Guidelines range of ten to sixteen months. However, relying on 18 U.S.C. § 3553(a), the trial judge declined to follow the Guidelines recommendation after finding that that "the public does need to be protected from [Medina]" because he is "dangerous" and committed an "extremely serious assault" that "easily could have concluded with a homicide." J.A. 239, 242. The court carefully reviewed each of the statutory sentencing factors and concluded that:

4

> the sentence that is sufficient, but not greater than necessary to comply with the purposes set out in [the sentencing statute] in this Court's judgment is 30 months in prison. And that, very purposely, is one year more than the top end of the guideline range. I think the guidelines are off by at least a year in their assessment [of] the seriousness of the situation.

J.A. 243. The court sentenced Medina to thirty months in prison, and this appeal followed.

## II.

At the outset, we address Medina's contention that Maryland law -- rather than federal law -- should govern the question of whether a diversionary disposition constitutes a predicate conviction under U.S.S.G. § 2L1.2(b)(1)(D). See Appellant's Br. 3, 8-9. Although some Guidelines provisions may incorporate definitions from state law, it is clear that federal law controls our interpretation of the Guidelines absent a specific indication to the contrary. See United States v. Reed, 94 F.3d 341, 344 (7th Cir. 1996) ("Like any other federal statute, the Guidelines must be interpreted in accordance with federal law, even when those Guidelines refer to some event occurring in state court."). We may therefore rely on Maryland law in defining the term "conviction" only if the Guidelines direct us to look to state law for interpretive guidance.

However, § 2L1.2(b)(1)(D) does not reference or incorporate a state law definition of "conviction." Rather, as our sister

circuits have squarely concluded, "the plain language of § 2L1.2, considered in tandem with other provisions, as well as the controlling case law, clearly establishes that the provision does not limit the term 'conviction' to those judgments that would be considered convictions under state law." United States v. Reinoso, 350 F.3d 51, 56 (2d Cir. 2003); see also, e.g., United States v. Cuevas, 75 F.3d 778, 781 (1st Cir. 1996) (same). That Maryland may not consider probation before judgment to be a conviction for its own purposes is thus of no moment to this appeal, and we shall rely solely on federal law to determine whether Medina's 2004 disposition constitutes a predicate conviction here.[1]

---

[1] To be sure, the application notes for § 2L1.2(b)(1) instruct a sentencing court not to apply the enhancement for a juvenile conviction "unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." U.S.S.G. § 2L1.2 cmt. 1(A)(iv). However, this narrow reference to state law is, by its very terms, limited to the domain of juvenile convictions and not relevant here. Moreover, were we to accept Medina's argument that we should look to state law in defining the term "conviction" in § 2L1.2(b)(1)(D), we would render superfluous the application notes' reference to state law concerning juvenile offenses. Given that we generally "avoid constructions that would reduce some terms to mere surplusage," In re Total Realty Mgmt., LLC, 706 F.3d 245, 251 (4th Cir. 2013), the Sentencing Commission's express reference to state law in the context of juveniles supports our conclusion that federal law governs interpretation of the term "conviction" in other contexts.

III.

The question before us is thus whether a guilty plea that results in a diversionary disposition is a conviction under federal law. As an initial matter, it is beyond dispute that the plain meaning of the term "conviction" includes a guilty plea followed by entry of judgment. For instance, in Shepard v. United States, the Supreme Court squarely held that a guilty plea for a predicate offense is a conviction that triggers sentencing enhancements under the Armed Career Criminal Act. 544 U.S. 13, 19 (2005). And long before Shepard, the Court stated that a guilty plea "is itself a conviction" and that "[l]ike a verdict of a jury it is conclusive." Kercheval v. United States, 274 U.S. 220, 223 (1927); see also Florida v. Nixon, 543 U.S. 175, 187 (2004) ("While a guilty plea may be tactically advantageous for the defendant, the plea is not simply a strategic choice; it is itself a conviction." (internal citations omitted)).

Despite the Supreme Court's pronouncements on the issue, Medina contends that the sentence he received -- eighteen months of probation pursuant to a diversionary disposition -- somehow transforms his 2004 guilty plea into something other than a conviction for purposes of §2L1.2(b)(1)(D). In support of this claim, he points to the fact that other Guidelines provisions addressing a defendant's criminal history, such as § 4A1.2(f),

7

specifically reference diversionary dispositions while § 2L1.2(b)(1) does not. Appellant's Br. 10-12. The government responds that the reference to diversionary dispositions in § 4A1.2(f) is only further evidence that the plain meaning of the term "conviction" encompasses dispositions like the one at issue here. Gov't Br. 16-17.

We need not address Medina's negative implication argument, however, because Congress has already spoken to the matter at hand. In the general definitions section for the immigration laws, Congress specifically defined a conviction to include a diversionary disposition -- that is, a situation in which "adjudication of guilt has been withheld" -- if (1) "a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendre or has admitted sufficient facts to warrant a finding of guilt" and (2) "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48). Given that § 2L1.2 -- unlike § 4A1.2 -- relates specifically to an immigration offense, we conclude, as the district court did, that the definition of conviction in § 1101 must control our reading of § 2L1.2(b)(1)(D). Applying the definition from § 1101 to the case sub judice, we find that Medina's 2004 diversionary disposition was, in fact, a conviction because he pled guilty to the charged offenses and was sentenced to some form of restraint

8

on his liberty, namely probation for a period of eighteen months.

Our decision here is in accord with all of our sister circuits to have considered the issue. The Fifth Circuit, for instance, has also relied on the definition of conviction in § 1101 to hold that a diversionary disposition of "deferred adjudication probation" constitutes a predicate conviction under § 2L1.2. United States v. Ramirez, 367 F.3d 274, 277 (5th Cir. 2004); see also, e.g., United States v. Anderson, 328 F.3d 1326, 1328 (11th Cir. 2003) (same); United States v. Zamudio, 314 F.3d 517, 521-22 (10th Cir. 2002) (same). We agree that diversionary dispositions arising from guilty pleas -- including Medina's probation before judgment disposition at issue here -- constitute predicate convictions under § 2L1.2(b)(1)(D). To hold otherwise would be to ignore both Congress's intent to include diversionary dispositions within the term "conviction," see 8 U.S.C. § 1101(a)(48)(A), and the Supreme Court's instruction that a guilty plea plainly constitutes a conviction, see Nixon, 543 U.S. at 187.

IV.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED

9