**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4067**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM DAVID BRIDGES, a/k/a William Davis Bridges,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap.   James P. Jones,
District Judge. (2:12-cr-00022-JPJ-PMS-1)

Argued:  December 11, 2013          Decided:  January 27, 2014

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by published opinion.  Judge Thacker wrote the opinion,
in which Judge Wilkinson and Judge Diaz joined.

**ARGUED**: Brian Jackson Beck, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Abingdon, Virginia, for Appellant.   Jennifer R.
Bockhorst, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon,
Virginia, for Appellee. **ON BRIEF**: Larry W. Shelton, Federal
Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke,
Virginia, for Appellant.   Timothy J. Heaphy, United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke,
Virginia, for Appellee.

THACKER, Circuit Judge:

A federal grand jury indicted Appellant William David Bridges ("Appellant") on one count of traveling in interstate commerce and knowingly failing to update his sex offender registration in violation of 18 U.S.C. § 2250. Appellant moved to dismiss the indictment, arguing that his plea of nolo contendere to attempted sexual battery in Florida state court, in which adjudication was withheld, does not qualify as a conviction within the meaning of the Sex Offender Registration and Notification Act ("SORNA"). The district court denied the motion, and Appellant entered a conditional plea of guilty, reserving only his right to appeal the district court's "denial of [his] Motion to Dismiss the Indictment." J.A. 58.[1] We conclude the district court correctly found Appellant's plea of nolo contendere with adjudication withheld constitutes a conviction for the purposes of SORNA because it resulted in a penal consequence. Consequently, we affirm.

I.

On February 17, 1999, Appellant entered a plea of nolo contendere in Florida state court to a charge of Attempted Sexual Battery upon a Child under 16 Years of Age, in violation

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

2

of Fla. Stat. § 800.04(3) (1996) (amended 1999).[2]  That same day, the Florida state court entered a written judgment in the case, ordering that "ADJUDICATION OF GUILT BE WITHHELD."  J.A. 15. The order directed Appellant to pay court costs and serve two years of probation, which "may terminate upon entry into the [United States] Army."  Id. at 18.  Appellant also received credit for three days served in jail.

As a result of this judgment, Appellant was required to register as a sex offender under Florida law.  See Fla. Stat. § 943.0435.  On September 30, 2000, he was arrested by Florida authorities for failure to register.  After entering a plea of nolo contendere in Florida state court, Appellant received a one-year sentence of probation.  The state court later revoked his probation because he failed to report to his probation

---

[2]  The version of the statute in effect at the time of Appellant's offense conduct provided, in pertinent part:

> A person who:  . . . (3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years . . . commits a felony of the second degree . . . . Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.

Fla. Stat. § 800.04(3) (1996).  An act of "sexual battery," in turn, is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose."  Fla. Stat. § 794.011(1)(h) (1996).

3

officer and, on September 26, 2001, sentenced him to 68 days in custody.

Appellant moved to Virginia in 2010, where he registered as a sex offender. However, on August 2, 2011, Virginia authorities discovered Appellant no longer lived at his reported address in Weber City, Virginia, and he had not updated his registration with a new address. He was ultimately located at his new residence in Gaylord, Michigan, where he had also failed to register as a sex offender.

On July 23, 2012, a federal grand jury in the Western District of Virginia returned a single-count indictment charging Appellant with traveling in interstate commerce and knowingly failing to update his sex offender registration, in violation of 18 U.S.C. § 2250. On October 10, 2012, Appellant filed a motion to dismiss the indictment, arguing only that "[b]ecause [he] entered a plea of nolo contendere and was not adjudged guilty by the state of Florida of a sex offense, he has never been 'convicted' of a sex offense" for the purposes of the federal registration requirements. J.A. 12. The district court denied Appellant's motion, concluding that his nolo contendere plea did indeed qualify as a conviction under SORNA.

Shortly after the district court issued its ruling, Appellant entered a conditional guilty plea pursuant to Fed. R. Crim. P. 11(a)(2). Pursuant to his written plea agreement,

4

Appellant "expressly waive[d]" his right to appeal, with the "sole exception" of "the right to appeal the Court's denial of [his] Motion to Dismiss the Indictment." J.A. 58 (emphasis supplied). Appellant now challenges the district court's denial of his motion to dismiss.[3]

## II.

Where, as here, a district court's denial of a motion to dismiss an indictment depends solely on a question of law, we review the district court's ruling de novo. See United States

---

[3] Appellant attempts to raise one additional argument that is clearly outside the scope of the ruling he is entitled to challenge as part of his conditional guilty plea. Specifically, he contends "the district court erred in its construction of the definition of sex offense under SORNA" because, applying the modified categorical approach to his attempted sexual battery conviction, the Government cannot prove there was at least a four-year age differential between himself and his victim so as to avoid the consensual sex exception to the definition of "sex offense" contained in 42 U.S.C. § 16911(5)(C). Appellant's Br. 20. The record, however, is unambiguous -- the district court did not construe the definition of "sex offense," and Appellant never sought the same. Although we question Appellant's candor in this regard, we will assume he contends the district court erred by failing to sua sponte dismiss the indictment on the grounds articulated above. Inasmuch as Appellant clearly and unequivocally waived the right to appeal "any and all other issues in this matter" save the district court's ruling on his motion to dismiss, J.A. 58, we conclude this issue -- however framed -- has been affirmatively waived, and we will not entertain it further. Cf. United States v. Bundy, 392 F.3d 641, 650 n.3 (4th Cir. 2004) ("Where a defendant who pled guilty presents on appeal an issue that he did not even attempt to preserve by means of a conditional plea, we decline to entertain the appeal on the ground that the defendant's unconditional plea waived that issue altogether." (emphasis omitted)).

v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009) (citing United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1398 (4th Cir. 1993)).

## III.

Congress enacted SORNA "[i]n order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators" against seventeen named victims of sex crimes. 42 U.S.C. § 16901. In order to address the significant number of "missing" sex offenders, see H.R. Rep. No. 109-218, pt. 1, at 26 (2005), SORNA "establishes a comprehensive national system for the registration of [sex] offenders," 42 U.S.C. § 16901. SORNA thus requires a sex offender, defined as "an individual who was convicted of a sex offense," id. § 16911(1) (emphasis supplied), to register in each jurisdiction where he resides, id. § 16913. This requirement is enforced through 18 U.S.C. § 2250, which imposes criminal penalties on persons who, by virtue of their state convictions, are required to register as sex offenders under SORNA and knowingly fail to do so after traveling in interstate commerce.

The issue in this case is whether Appellant's nolo contendere plea to a Florida attempted sexual battery charge, in which adjudication was withheld, qualifies as a conviction within the meaning of 42 U.S.C. § 16911(1). We begin with the

undisputed premise that federal law, rather than state law, controls the question of what constitutes a conviction under SORNA. See Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 119 (1983) ("[I]n the absence of a plain indication to the contrary, . . . it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law." (quotation marks and citation omitted)), superseded by statute on other grounds, 18 U.S.C. § 921(a)(20). Turning to the plain language of SORNA itself, we observe that Congress left the statutory term "convicted" undefined[4] and expressly granted authority to the Attorney General to "issue guidelines and regulations to interpret and implement [SORNA]." 42 U.S.C. § 16912(b). The Attorney General, consistent with this grant of authority and following notice-and-comment procedures, has promulgated comprehensive guidelines that illuminate the meaning of the term. See The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38,030 (July 2, 2008) ("SMART Guidelines"). These Guidelines "can and do have the force and

---

[4] SORNA does contain a provision addressing what "[t]he term 'convicted' . . . includes" with respect to juvenile adjudications, 42 U.S.C. § 16911(8) (emphasis supplied), but this section neither defines nor limits the term and does not inform its meaning in the context of adult adjudications.

7

effect of law[.]" <u>United States v. Stevenson</u>, 676 F.3d 557, 565 (6th Cir. 2012).[5]

The SMART Guidelines explain the character of a "conviction" is not dependent upon the "nominal changes or terminological variations" present within varying jurisdictions. 73 Fed. Reg. at 38,050. To the contrary, in order to effectuate a comprehensive and uniform national system, a single standard controls: "an adult sex offender is 'convicted' for SORNA purposes if the sex offender <u>remains subject to penal consequences based on the conviction</u>, however it may be styled." <u>Id.</u> (emphasis supplied). The federal registration requirement,

---

[5] By leaving the operative statutory term undefined and delegating broad rulemaking authority to the Attorney General, Congress has implicitly left a gap in SORNA's statutory regime that the Attorney General may fill. <u>See</u> <u>Chevron U.S.A., Inc. v. Natural Resources Def. Council, Inc.</u>, 467 U.S. 837, 843 (1984) ("The power of an administrative agency to administer a congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." (quoting <u>Morton v. Ruiz</u>, 415 U.S. 199, 231 (1974))); <u>see also</u> <u>United States v. Under Seal</u>, 709 F.3d 257, 263 (4th Cir. 2013) ("SORNA is a non-punitive, civil regulatory scheme, both in purpose and effect."). Because the Attorney General's duly promulgated explication of the term "convicted" is consistent with the statutory language as well as eminently reasonable, we are satisfied it represents a permissible -- and correct -- construction of the statute. <u>See</u>, <u>e.g.</u>, <u>Nat'l City Bank of IN v. Turnbaugh</u>, 463 F.3d 325, 332 (4th Cir. 2006) ("[I]n cases of statutory silence, we 'must defer, under <u>Chevron</u>, to [an agency's interpretation of its governing statute], so long as that interpretation is permissible in light of the statutory text and reasonable.'" (quoting <u>Ohio Valley Envtl. Coal. v. Bulen</u>, 429 F.3d 493, 498 (4th Cir. 2005))).

in other words, cannot be avoided simply because a jurisdiction "h[as] a procedure under which the convictions of sex offenders in certain categories . . . are referred to as something other than 'convictions.'" Id. Rather, so long as "the sex offender is nevertheless required to serve what amounts to a criminal sentence for the offense," he is "convicted" of a sex offense and falls within the ambit of SORNA's registration requirements. Id.

Here, Appellant was sentenced to, inter alia, a two-year term of probation pursuant to his nolo contendere plea to the attempted sexual battery charge, and he served three days in jail. Appellant conceded at oral argument that probation is a penal consequence, see Oral Argument at 05:42-05:47, United States v. Bridges, No. 13-4067 (Dec. 11, 2013), available at http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments, and we agree that this principle is beyond dispute. See Dickerson, 460 U.S. at 113-14 ("[O]ne cannot be placed on probation if the court does not deem him to be guilty of a crime[.]"); see also United States v. Medina, 718 F.3d 364, 368 (4th Cir. 2013) (noting probation is a "form of restraint on [a defendant's] liberty"). The only question, therefore, is whether Florida's method of "withholding adjudication" works to exempt Appellant from registering as a sex offender under federal law. We conclude that it does not.

The SMART Guidelines specifically contemplate a situation such as the one at issue here, i.e., where a state has implemented a procedure for the disposition of criminal cases that nominally affects a category of sex offenders but "do[es] not relieve a conviction of substantive effect." 73 Fed. Reg. at 38,050. In this context, the Guidelines are clear -- a sex offender is "convicted" so long as he "remains subject to penal consequences . . . <u>however [the conviction] may be styled</u>." <u>Id.</u> (emphasis supplied). Appellant pled <u>nolo contendere</u> to the attempted sexual battery of a child.[6] The state court entered a judgment order and sentenced him to two years' probation, a sentence that attached immediately, and withheld only the formal adjudication of his guilt. Whatever the ultimate length of Appellant's probationary term or the status of his conviction under state law,[7] he was required "to serve what amounts to a criminal sentence for [his] offense." <u>Id.</u> He was thus

_____

[6] Despite Appellant's intimations to the contrary, a plea of <u>nolo contendere</u> "has the effect of a plea of guilty." <u>United States v. Kahn</u>, 822 F.2d 451, 455 (4th Cir. 1987) (internal quotation marks and citations omitted). Where, as here, we are only concerned with the <u>fact</u> of a conviction, not its classification, the form of the plea makes no difference.

[7] The record is unclear as to whether Appellant entered the Army, which would have terminated his probationary term, or was otherwise discharged prior to the natural expiration of his sentence. It is undisputed, however, that he was sentenced to, and served, some term of probation.

"convicted" of a sex offense under 42 U.S.C. § 16911(1) and was required to register under SORNA.

This conclusion is reinforced by the decisions of two of our sister circuits, each of which have concluded that a Florida nolo contendere plea with adjudication withheld constitutes a "conviction" under federal law.  See United States v. Maupin, 520 F.3d 1304, 1307 (11th Cir. 2008) (entry of nolo contendere plea with adjudication withheld constitutes a prior conviction under 18 U.S.C. § 2252A);  United States v. Storer, 413 F.3d 918, 921–22 (8th Cir. 2005) (same); United States v. Mejias, 47 F.3d 401, 404 (11th Cir. 1995) (entry of nolo contendere plea with adjudication withheld constitutes a prior conviction under 21 U.S.C. § 841(b)(1)(B)).  Although Appellant argues that United States v. Willis, 106 F.3d 966 (11th Cir. 1997), is to the contrary, he is simply incorrect.  Willis analyzed whether the entry of a nolo contendere plea with adjudication withheld constituted a "conviction" under state law.  See id. at 968.  That decision, as the Eleventh Circuit itself has noted, is inapposite in the context of analyzing the meaning of a "conviction" under federal law.  See Maupin, 520 F.3d at 1307; see also Oral Argument at 05:42-05:47 (Appellant agreeing that state definitions of "convicted" are irrelevant in cases arising under SORNA).  In short, the relevant authority uniformly rejects Appellant's position.

11

Finally, we are unpersuaded by Appellant's rule of lenity argument. In order to invoke this rule, "'we must conclude that there is a grievous ambiguity or uncertainty in the statute.'" Hosh v. Lucero, 680 F.3d 375, 383 (4th Cir. 2012) (emphasis in original) (quoting Muscarello v. United States, 524 U.S. 125, 138–39 (1998)). The ambiguity in SORNA's use of the term "convicted" does not rise to the level of grievousness that would warrant application of the rule of lenity. See Muscarello, 524 U.S. at 138 ("The simple existence of some statutory ambiguity . . . is not sufficient to warrant application of [the] rule, for most statutes are ambiguous to some degree.").

In sum, we hold that Appellant's nolo contendere plea with adjudication withheld constitutes a conviction for the purposes of 42 U.S.C. § 16911(1) because it resulted in a penal consequence. Therefore, Appellant was required to register as a sex offender under SORNA and falls within the ambit of 18 U.S.C. § 2250. The district court properly denied his motion to dismiss the indictment.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

12