[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12102
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cr-00197-TJC-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ROLAND BAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 24, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

William Baker appeals his convictions and sentence for two counts of

possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and

(b)(2).  Baker raises four issues on appeal.  First, he argues the district court abused its discretion by admitting evidence of his earlier guilty plea to lewd and lascivious conduct of a child under 16 in which the state court withheld adjudication. Second, he argues the district court abused its discretion by not granting him a mistrial after the government elicited testimony that he was a registered sex offender.  Third, he argues he was entitled to a judgment of acquittal because the government failed to prove he knowingly possessed child pornography.  Last, he argues the district court erred in enhancing his sentence by counting his guilty plea with adjudication withheld to lewd and lascivious conduct on a minor as a conviction under 18 U.S.C. § 2252(b)(2).  After careful review, we affirm the district court.

## I.

In March 2013, law enforcement agents identified an IP address in Jacksonville, Florida, that was sharing files identified as child pornography by the National Center for Missing and Exploited Children.  Agents connected to the computer using that IP address and downloaded three images and one video of child pornography.  Comcast, the owner of the IP address, was subpoenaed. Comcast provided the government with Baker's name and home address as the subscriber using that IP address.  A criminal background check showed that in

2

1995, Baker pleaded guilty to lewd and lascivious conduct involving a child under 16 in Florida.

Based on that information, the agents secured a search warrant and executed it in May 2013. They found two laptops in Baker's home, a Dell and an HP. The Dell laptop computer had 106 images of child pornography on it. The HP laptop computer had 232 images of child pornography in unallocated file space.[1] It had also been used to search for terms suggestive of child pornography on a file-sharing program. While the search occurred, two agents went to Baker's workplace to interview him. Baker told them he was the only person who used his laptop; that it was password protected; and that only he knew the password. He also said he used the file-sharing program that had led investigators to his home. However, Baker said he had been set up for the child pornography on his computer.

Baker was charged and convicted of two counts of possession of child pornography—one count for each laptop. As relevant to this appeal, Baker objected to two uses of his Florida 1995 guilty plea with adjudication withheld to lewd and lascivious conduct involving a child under 16. Baker argued the plea did not constitute a conviction under Florida law. As a result, he first objected to the

---

[1] This means the images were not currently accessible to the user, but had been on the laptop at some point. See United States v. Pruitt, 638 F.3d 763, 765 n.2 (11th Cir. 2011) (per curiam). Investigators used special forensic software to look at these parts of Baker's HP laptop computer to find files that were deleted or saved only temporarily.

plea's introduction as propensity evidence—that is, evidence that he acted in accordance with his previous conduct. See Fed. R. Evid. 404. The district court overruled this objection, but limited the introduction of this evidence to the fact of the plea itself instead of its underlying details. Second, Baker objected to the district court's use of 18 U.S.C. § 2252(b)(2)'s sentencing enhancement for anyone convicted of § 2252(a)(4) who "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." 18 U.S.C. § 2252(b)(2). The district court overruled this objection after reviewing this Court's precedent.

## II.

Baker argues the district court erred by admitting evidence of his 1995 guilty plea without adjudication to lewd and lascivious conduct of a child under 16. We review the district court's evidentiary rulings for an abuse of discretion. United States v. Woods, 684 F.3d 1045, 1062 n.17, 1064–65 (11th Cir. 2012) (per curiam).

Baker says his 1995 guilty plea was not a conviction, and therefore should not have been admitted as propensity evidence. This argument is misplaced. Whether this plea was a conviction is relevant to Baker's sentencing enhancement, discussed below, but not to the evidentiary issue here. Baker does not dispute that he committed an act of "child molestation" within the definition of Rule 414. The

4

district court properly relied on Rule 414 to except this evidence from Rule 404's general prohibition against propensity evidence.

Baker then says that in any event, the district court wrongly weighed the prejudicial effect of this evidence against its probative value under Rule 403. The record shows, however, that the district court carefully weighed this evidence before admitting it. The court recognized the risk of prejudice to Baker, but because the government was allowed to introduce only the fact of the plea and not its underlying details, the court determined the plea did not create a risk of unfair prejudice that would substantially outweigh its probative value. See Fed. R. Evid. 403. Therefore, the district court did not abuse its discretion.

## III.

Baker next argues the district court erred when it denied his motion for a mistrial. We review the denial of a motion for a mistrial for an abuse of discretion. United States v. McGarity, 669 F.3d 1218, 1232 (11th Cir. 2012). "A mistrial should be granted if the defendant's substantial rights are prejudicially affected." United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007) (per curiam). Prejudice occurs when there is a reasonable probability that, but for the objected-to error, the outcome of the trial would have been different. See id. And if the district court gives a curative instruction, the reviewing court may reverse only if

the evidence is so highly prejudicial that the instruction could not cure it.  United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).

Baker says the government went beyond the district court's ruling to introduce just the fact of his 1995 guilty plea without its underlying details.  He points to where the government elicited testimony that he was registered as a sex offender in Florida.  After that testimony, Baker immediately moved for a mistrial.  The district court denied Baker's motion, later saying if it was error at all, it did "not rise to any level of a mistrial."  And in any event, the court immediately instructed the jury to disregard that testimony.  This Court assumes that juries follow the district court's instructions.  United States v. Kennard, 472 F.3d 851, 858 (11th Cir. 2006).   Because Baker has not shown this testimony was so highly prejudicial that the instruction could not cure it, we conclude the district court did not abuse its discretion.  See Bender, 290 F.3d at 1284.

IV.

Baker's third claim is that the district court erred by not granting his motions for a judgment of acquittal at the end of the government's case and at the end of the entire trial.  We review de novo whether the evidence in the record is sufficient to support the denial of a motion for judgment of acquittal.  United States v. Chafin, 808 F.3d 1263, 1268 (11th Cir. 2015).  "We examine the evidence in the light most favorable to the government and resolve all reasonable inferences and

6

credibility issues in favor of the guilty verdicts." Id. (quotation omitted and alteration adopted). We will overturn the jury's verdict only if no reasonable trier of fact could find guilt beyond a reasonable doubt. Id.

Baker says the government did not prove beyond a reasonable doubt that he "knowingly" possessed child pornography as required by the statute he was convicted of, 18 U.S.C. § 2252(a)(4)(B). He says the Dell laptop was "effectively inoperable"; the HP laptop could be accessed by anyone without a password; and the government had to use special software to access the child pornography files he was charged with possessing on both computers. Because of all this, Baker asserts the government did not have sufficient evidence to show he had the required mental state to support his convictions.

The jury was free to accept Baker's claim, but rejected it in favor of the government's case when it arrived at its verdict. See United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir. 2009). Section 2252(a)(4)(B)'s knowledge element requires the government to prove Baker knew the images in his possession showed minors engaging in sexually explicit conduct. See United States v. Alfaro-Moncada, 607 F.3d 720, 733 (11th Cir. 2010). This Court has held that the knowledge element may be proved by circumstantial evidence in the record of online search terms related to child pornography and images found in a computer's unallocated space if other evidence also supports the conviction. United States v.

7

Pruitt, 638 F.3d 763, 765, 767 (11th Cir. 2011) (per curiam).  In Baker's case, the government presented the same type of evidence, and also introduced the 1995 guilty plea as propensity evidence; evidence that only Baker used the HP laptop computer; and that the Dell laptop contained child pornography files.  Cf. id.  We conclude this record presented a reasonable basis for the jury's verdict.  See Chafin, 808 F.3d at 1268.  The district court did not err in denying Baker's motions for judgment of acquittal.

V.

Last, Baker argues his 1995 guilty plea without adjudication does not constitute a "conviction" under 18 U.S.C. § 2252(b)(2).  "We review de novo questions of statutory interpretation."  United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008) (per curiam).

Section 2252(b)(2) says:

> Whoever violates . . . paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if . . . such person has a prior conviction . . . under the laws of any State relating to . . . abusive sexual conduct involving a minor or ward, . . . such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

The district court found Baker's 1995 guilty plea without adjudication constituted a "conviction" for the purposes of this statute.  The court imposed the mandatory minimum of ten years as Baker's sentence.

8

Baker points to this Court's decision in United States v. Clarke, 780 F.3d 1131 (11th Cir. 2015) (per curiam), in which we certified a question to the Florida Supreme Court asking whether "a guilty plea for a felony for which adjudication was withheld" qualified as a conviction under Florida law. Id. at 1133. The Florida Supreme Court held that for the purposes of Fla. Stat. § 790.23 (felon in possession of a firearm), a guilty plea without adjudication did not constitute a "conviction" under Florida law. Clarke v. United States, 184 So.3d 1107, 1116 (Fla. 2016). Baker says the reasoning from Clarke should apply to his case.

Baker acknowledges this Court's decisions in Maupin and United States v. Mejias, 47 F.3d 401 (11th Cir. 1995) (per curiam), have already addressed his claim. In Mejias, this Court held a nolo contendere plea where adjudication was withheld constituted a "conviction" for the purposes of 21 U.S.C. § 841(b)(1)(B). 47 F.3d at 404. The Mejias panel said "[t]he meaning of the word 'conviction' in a federal statute is a question of federal law unless Congress provides otherwise." Id. at 403. Applying Mejias, this Court held in Maupin that a nolo contendere plea with adjudication withheld constituted a "conviction" for the purposes of 18 U.S.C. § 2252A(b). 520 F.3d at 1308. The Maupin panel pointed out that what constituted a "conviction" for § 2252A(b) was a question of federal law instead of state law, distinguishing statutes like 18 U.S.C. § 922(g)(1) that specifically rely on state law. See id. at 1307.

In Clarke, this Court was interpreting what constituted a "conviction" under § 922(g)(1), which Congress says "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 780 F.3d at 1132 (quoting 18 U.S.C. § 921(a)(20)). Baker was not convicted under § 922(g)(1), but § 2252(a)(4)(B) and (b)(2). Like Maupin and Mejias, "the statute at issue here does not provide the jurisdiction in which the proceedings were held should determine whether an offense constitutes a prior conviction." See Maupin, 520 F.3d at 1307.

Baker also acknowledges that Maupin interpreted § 2252A, which has nearly identical language to the § 2252(a), and forecloses his claim. However, he says Clarke suggests Maupin was incorrectly decided and asks us to revisit the decision in light of what the Florida Supreme Court has recently said. But because Maupin did not rely on state law in reaching its holding, we are bound by our prior panel precedent "unless and until [it is] overruled en banc or by the Supreme Court." United States v. Smith, 122 F.3d 1355, 1359 (11th Cir. 1997) (per curiam). As a result, the district court correctly followed our precedent and we affirm Baker's convictions and sentence.

**AFFIRMED.**

10