**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4442**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BOOKER T. VANDERHORST,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:13-cr-00294-PMD-1)

Submitted: April 5, 2017                        Decided: May 3, 2017

Before NIEMEYER, TRAXLER, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John M. Apicella, North Charleston, South Carolina, for Appellant. Beth Drake, Acting United States Attorney, Robert Frank Daley, Jr., Alyssa Richardson, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Booker T. Vanderhorst appeals his sentence imposed following conviction for use of a facility in interstate commerce to carry on an unlawful activity (Count 2), in violation of 18 U.S.C. § 1952(a)(3) (2012) (Travel Act), and being a felon in possession of a firearm (Count 3), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). He contends that Count 2, the Travel Act conviction, was not a sex offense that required registration under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901-16962 (2012), because it categorically does not have an element involving a sexual act or sexual contact with another. We affirm.

Because Vanderhorst did not challenge in the district court whether his conviction under the Travel Act requires registration under SORNA, we review this issue for plain error. *United States v. Price*, 777 F.3d 700, 711 (4th Cir. 2015).

Under SORNA, a person convicted of a sex offense must register in any state in which he resides, is employed, or is a student. 42 U.S.C. § 16913. A "sex offense" is defined, in relevant part as,

(i) a criminal offense that has an element involving a sexual act or sexual contact with another; [or]
(ii) a criminal offense that is a specified offense against a minor . . . .

*Id.* § 16911(5)(A). A "specified offense against a minor" is defined as "an offense against a minor that involves any of the following":

(A) An offense (unless committed by a parent or guardian) involving kidnapping.
(B) An offense (unless committed by a parent or guardian) involving false imprisonment.
(C) Solicitation to engage in sexual conduct.

2

(D)  Use in a sexual performance.
(E)  Solicitation to practice prostitution.
(F)  Video voyeurism as described in section 1801 of title 18.
(G)  Possession, production, or distribution of child pornography.
(H)  Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.
(I)  Any conduct that by its nature is a sex offense against a minor.

*Id.* § 16911(7).

Vanderhorst concedes that his case implicates the residual clause of this list, § 16911(7)(I). He nonetheless contends that he does not need to register as a sex offender under SORNA because Count 2, the Travel Act violation, is categorically not a sex offense under SORNA. In particular, he argues that § 16911(7)(I) is ambiguous. Thus, the Department of Justice's regulations regarding SORNA, known as the SMART Guidelines, are entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984). According to Vanderhorst's interpretation of the SMART Guidelines, determining whether an offense qualifies as a "sex offense" under § 16911(7)(I) requires application of the categorical approach. *See* National Guidelines for Sex Offender Registration and Notification ["SMART Guidelines"], 73 Fed. Reg. 38,030, 38,031 (July 2, 2008). Because violation of the Travel Act does not categorically have "an element involving a sexual act or sexual contact with another," § 16911(5)(A)(i), Vanderhorst contends, it does not qualify as a "sex offense" under SORNA, and he is not required to register as a sex offender. Furthermore, he argues, the modified categorical approach is inapplicable because 18 U.S.C. § 1952(a)(3) is not divisible.

We conclude Vanderhorst's argument is directly foreclosed by our decision in *Price*, 777 F.3d at 707. In *Price*, we considered whether the categorical approach or the

3

circumstance-specific approach, also known as the noncategorical approach, applies to determine whether an offense falls under §16911(7)(I). *Id.* at 707-08. Looking to the text of § 16911(7)(I), we ruled that the circumstance-specific approach was appropriate. *Id.* at 708. While § 16911(5)(A)(i) refers to "elements," neither § 16911(5)(A)(ii) nor § 16911(7)(I) make such a reference. Instead, § 16911(7)(I) refers to "conduct" and the "nature" of that conduct, indicating that Congress intended § 16911(5)(A)(ii) and § 16911(7)(I) "to cover a broader range of prior offenses than those reached by subsection (5)(A)(i)." *Id.* at 708-09. Furthermore, we rejected the same argument that Vanderhorst raises—that the SMART Guidelines, "which could indicate a preference for the categorical approach," *id.* at 709 n.9, were entitled to *Chevron* deference—noting that §16911(7)(I) is not ambiguous, and a plain reading of § 16911(7)(I) establishes that Congress intended to apply the circumstance-specific approach, *id.* at 709 & n.9.[*]

Vanderhorst concedes that under the circumstance-specific approach, he would be required to register. Thus, because *Price* requires application of the circumstance-specific approach, we conclude the district court did not err in requiring Vanderhorst to register as a sex offender under SORNA.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Vanderhorst argues that *Price* conflicts with *United States v. Bridges*, 741 F.3d 464, 468 (4th Cir. 2014). *Bridges* is simply inapplicable to Vanderhorst's case.

4