**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6096

JERMAINE LENARD MOSS,

       Petitioner - Appellant,

    v.

KENNY ATKINSON, Warden,

       Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:17-hc-02078-D)

Argued: March 19, 2019                          Decided: April 19, 2019

Before GREGORY, Chief Judge, and DIAZ and HARRIS, Circuit Judges.

Affirmed by unpublished opinion. Judge Diaz wrote the opinion, in which Chief Judge Gregory and Judge Harris joined.

**ARGUED:** Jason Neal, WEST VIRGINIA UNIVERSITY COLLEGE OF LAW, Morgantown, West Virginia, for Appellant. Amy N. Okereke, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Lawrence D. Rosenberg, Washington, D.C., Benjamin G. Minegar, JONES DAY, Pittsburgh, Pennsylvania, for Appellant. Robert J. Higdon, Jr., Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Circuit Judge:

Jermaine Moss appeals the denial of his petition for habeas corpus. He contends that a retroactive change in the law has made his sentence unlawful. We affirm the district court's judgment because Moss's sentence remains lawful under applicable precedent.

I.

Moss was tried in a Florida federal district court for two drug offenses and one firearms offense. The jury convicted him on all three counts. At sentencing, the district court calculated a Guidelines range of 324–405 months in prison, with lengthy mandatory minimums on the drug charges. It sentenced Moss to 27 years each on the drug charges and 20 years on the firearms charge, all concurrent.

Normally, one of Moss's drug offenses would carry a mandatory minimum of 10 years and the other a mandatory minimum of 5 years. 21 U.S.C. § 841(b)(1)(A), (b)(1)(B) (2006). But the government filed an information pursuant to 21 U.S.C. § 851(a) before trial. The information said that Moss had a prior conviction for a serious drug felony. Under the law at the time, such a prior conviction increased the mandatory minimums to 20 years and 10 years, respectively. 21 U.S.C. § 841(b)(1)(A), (b)(1)(B) (2006). The purported conviction arose when Moss pleaded nolo contendere to a drug felony in Florida state court; the state judge withheld adjudication of guilt for the offense.

An Eleventh Circuit case established that Moss's nolo contendere plea counted as a conviction for § 841, despite the withholding of adjudication. *See United States v. Mejias*, 47 F.3d 401, 403–04 (11th Cir. 1995). Given that precedent, Moss didn't challenge the

mandatory minimums in his direct appeal, his motion for habeas corpus under 28 U.S.C. § 2255, or his other attempts at collateral relief. But Moss now contends that the Eleventh Circuit effectively overruled *Mejias* in *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016). After *Clarke*, Moss sought resentencing through a petition for habeas corpus under 28 U.S.C. § 2241 in federal district court in North Carolina (where he is now incarcerated). The district court denied the petition, and Moss appealed.

Before appellate briefing, this court decided *United States v. Wheeler*, which set the standard for challenging an illegal sentence through § 2241. 886 F.3d 415 (4th Cir. 2018), *cert. denied*, No. 18-420, 2019 WL 1231947 (U.S. Mar. 18, 2019). Applying the *Wheeler* standard, we affirm the district court's judgment.

## II.

Whether Moss may challenge his sentence through a § 2241 petition is a question of law that we review de novo. *See Lester v. Flournoy*, 909 F.3d 708, 710 (4th Cir. 2018). Under our precedent, a federal prisoner may challenge his sentence through a § 2241 petition if

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

4

*Wheeler*, 886 F.3d at 429. Moss can satisfy *Wheeler*'s first and third elements. But he can't satisfy *Wheeler*'s second element because his sentence is still legal under Eleventh Circuit law.* When he was sentenced, Eleventh Circuit precedent squarely established that his conviction counted as a prior "serious drug felony" under 21 U.S.C. § 841. *Mejias*, 47 F.3d at 403–04. Moss claims that *Clarke* effectively overruled that precedent. 822 F.3d at 1215. But there is every indication that *Mejias* is still good law.

*Mejias* held that the term "conviction" in 21 U.S.C. § 841 is defined by federal law, not by the law of the state of conviction. 47 F.3d at 403–04 (citing *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 119 (1983) (holding that federal law defines terms in federal statutes unless Congress indicates otherwise)). As an example of what the term "conviction" means under federal law, the court cited *United States v. Jones*, 910 F.2d 760, 761 (11th Cir. 1990). In *Jones*, a nolo contendere plea with adjudication withheld counted as a conviction for purposes of a Sentencing Guidelines enhancement. *Id.* The court in

---

* This court has not definitively resolved whether a petitioner sentenced out of circuit must show that his sentence is illegal under the sentencing circuit's law or our circuit's law. *Wheeler* concerned a change in Fourth Circuit law for a petitioner sentenced in circuit. 886 F.3d at 429–30. And while the petitioner in *Lester* was sentenced in the Eleventh Circuit, the law had changed in the petitioner's favor in both our court and the Eleventh Circuit. 909 F.3d at 710, 712. In this case, we will apply the substantive law of the Eleventh Circuit. The parties agree that Moss, who was sentenced in a district court in Florida, deserves resentencing only if his sentence is now illegal under Eleventh Circuit law. And applying our court's substantive law likely wouldn't change the outcome because Moss's sentencing enhancement would likely be legal under Fourth Circuit precedent. *See United States v. Bridges*, 741 F.3d 464, 469–70 (4th Cir. 2014); *United States v. Campbell*, 980 F.2d 245, 249–51 (4th Cir. 1992).

*Mejias* saw no reason for a different rule for § 841, which might disrupt uniformity in sentencing and undermine efforts to deter recidivism.  47 F.3d at 404.

The Eleventh Circuit's *Clarke* decision concerned the federal felon in possession statute, which defines the term "conviction" according to the law of the state where the crime was prosecuted.  822 F.3d at 1214; *see* 18 U.S.C. § 921(a)(20).  In *Clarke*, the Eleventh Circuit certified the question to the Florida Supreme Court of whether a guilty plea with adjudication withheld is a conviction under Florida law.  822 F.3d at 1214.  The Florida Supreme Court ruled that such a plea is not a conviction under state law.  *Clarke v. United States*, 184 So. 3d 1107, 1116 (Fla. 2016).  With that answer in hand, the Eleventh Circuit held that such a plea is not a conviction for the federal felon in possession statute. *Clarke*, 822 F.3d at 1214–15.  In so ruling, the court overruled two circuit precedents that had come to the opposite conclusion about Florida law.  *Id.* at 1215.

Moss's argument is as follows.  *Mejias* relied on *Jones*.  *Jones*, in turn, relied on cases that *Clarke* overruled.  Thus, *Clarke* effectively overruled both *Jones* and *Mejias*. But in the Eleventh Circuit, the first panel decision controls unless there has been an intervening change in applicable law.  *Hattaway v. McMillian*, 903 F.2d 1440, 1445 n.5 (11th Cir. 1990).  The *Clarke* panel could only overrule two Eleventh Circuit precedents because of an intervening change in Florida law.  822 F.3d at 1215.  *Mejias*, in contrast, explains what a conviction is for purposes of federal law.  Thus, the *Clarke* panel could not overrule *Mejias*—only the Supreme Court or the en banc Eleventh Circuit could.

In any event, *Mejias* can stand without the cases that *Clarke* overruled.  Those cases turned on Florida state law, whereas *Mejias* relies on a federal law definition of

6

"conviction." A new construction of Florida law would have no impact on whether a nolo contendere plea with adjudication withheld is a conviction for 21 U.S.C. § 841. *Mejias*'s citation to *Jones*, moreover, changes nothing.

First, the *Clarke* panel could not overrule *Jones*, a decision based on federal law. Second, *Mejias* turned on the general federal definition of the term "conviction" and used *Jones* to illustrate that definition. *Mejias*, 47 F.3d at 403–04. It does not appear that *Jones* controlled *Mejias*; in fact, the *Mejias* court considered whether to establish a different rule than *Jones* and decided against it. *Id.* at 404 ("To decide otherwise would disrupt uniformity in federal sentencing and frustrate the purpose of [§ 841(b)(1)(B)]—to punish and deter recidivism."). The Eleventh Circuit has consistently used the same definition for other cases in which federal law defines the term "conviction." *See, e.g.*, *United States v. Maupin*, 520 F.3d 1304, 1306–07 (11th Cir. 2008); *United States v. Fernandez*, 234 F.3d 1345, 1346–47 (11th Cir. 2000). It seems quite unlikely that *Clarke*—which concerned state law—silently triggered a chain reaction that overruled a body of cases based on federal law.

This conclusion is in accord with Eleventh Circuit case law after *Clarke*. The same day it issued *Clarke*, the Eleventh Circuit panel issued an unpublished opinion in the same case. *United States v. Clarke (Clarke II)*, 649 F. App'x 837 (11th Cir. 2016). Despite the ruling in *Clarke*, the *Clarke II* opinion held that the district court did not plainly err by holding that a suspended sentence with adjudication withheld counts as a conviction for § 841. *Id.* at 848–49 (citing *Mejias*, 47 F.3d at 404). If the *Clarke* panel believed it had overruled *Mejias*, it likely would have found plain error on this point in *Clarke II*. What's

7

more, several recent unpublished Eleventh Circuit opinions that concern the federal definition of "conviction" treat *Mejias* as good law. *See United States v. Solis-Alonzo*, 723 F. App'x 863, 865 (11th Cir. 2018); *United States v. Marius*, 678 F. App'x 960, 964 (11th Cir. 2017); *United States v. Baker*, 680 F. App'x 861, 862, 865 (11th Cir. 2017); *cf. United States v. Green*, 873 F.3d 846, 859 (11th Cir. 2017) (citing *Mejias* in a discussion of Federal Rule of Evidence 404(b)).

We hold that Moss cannot demonstrate a change in Eleventh Circuit substantive law. Therefore, we need not address *Wheeler*'s remaining requirements.

Moss's three alternative arguments are unavailing. First, he contends that equitable principles justify remanding his case for resentencing, but he provides no authority suggesting that equitable relief remains an option when a petitioner fails to pass a threshold test for filing a § 2241 petition. Second, he contends that he is entitled to resentencing because he shouldn't have received a criminal history point for his nolo contendere plea. But Eleventh Circuit precedent forecloses this argument. *See United States v. Rockman*, 993 F.2d 811, 813–14 (11th Cir. 1993). As with *Mejias*, we think it is implausible that *Clarke* overruled *Rockman*. And third, Moss contends that if we do not grant his habeas petition, we should still transfer the petition to the sentencing court in Florida to decide the merits. But Moss fails to cite any procedural mechanism by which we could transfer this case to the Middle District of Florida without granting his petition. Furthermore, the Eleventh Circuit's jurisprudence on § 2241 petitions would foreclose Moss's petition, so transferring the petition to a Florida district court would be futile. *See McCarthan v. Dir.*

8

*of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1090 (11th Cir. 2017) (en banc) (holding

that a § 2241 petition cannot be based on a change in circuit law).

The district court's judgment is therefore

*AFFIRMED.*